DAUKSCH, Judge.
This is an appeal from a sentence. We are urged to declare unconstitutional the “permitted range” in the sentencing guidelines statutory scheme on account of its vagueness. We decline to do so. Historically, in Florida and most jurisdictions, the judiciary are given the discretion to tailor a sentence appropriate to each defendant appearing in court. Recently, in Florida and some jurisdictions, the discretion of judges to impose appropriate sentences has been curtailed by sentencing guidelines statutes and rules. The “permitted range" in Florida’s sentencing guidelines is an appropriate remnant of the preexisting judicial discretion and is best preserved for the benefit of all defendants and society. In exercising this little remaining discretion a sentencing judge can reward or punish, free or restrict, or set an example through the act of slightly enhancing or slightly reducing one defendant’s sentence over another. This is in line with the traditional reasons judges were given discretion in the first place, before prison overcrowding.
The defendant was not given notice before costs were imposed. See Harriel v. State, 520 So.2d 271 (Fla.1988); Jenkins v. State, 444 So.2d 947 (Fla.1984); Burgess v. State, 569 So.2d 829 (Fla. 5th DCA 1990); Rowe v. State, 558 So.2d 174 (Fla. 5th DCA 1990).
Sentence affirmed; costs reversed, remanded for proper imposition of costs.
COBB and DIAMANTIS, JJ„ concur.