728 So.2d 251 (1998)
STATE of Florida, Appellant,
v.
Sammy COTTON, Appellee.
No. 98-01110.
District Court of Appeal of Florida, Second District.
December 18, 1998.
Rehearing Denied February 19, 1999.
*252 Robert A. Butterworth, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, Bartow, and Frank D.L. Winstead, Assistant Public Defender, Clearwater, for Appellee.
BLUE, Judge.
The State appeals the habitual offender sentences imposed on Sammy Cotton and argues that the trial court erred by failing to impose further enhanced sentences pursuant to the Prison Releasee Reoffender Act. See § 775.082(8)(a), Fla. Stat. (1997). The State contends that once the prosecutor decides to seek an enhanced sentence and establishes that the defendant is qualified under the statute, the trial court has no discretion and is required to sentence in accordance with the prison releasee reoffender statute. We conclude the trial court retains sentencing discretion when the record supports one of the statute's exceptions to the enhanced sentencing. Because the record supports the trial court's finding that an exception exists in this case, we affirm.
A defendant who commits, or attempts to commit, one of certain enumerated felonies within three years of being released from a state correctional facility is a "prison releasee reoffender." See § 775.082(8)(a)1. The statute provides for lengthy mandatory sentences for such defendants. Subsection 775.082(8)(d)1 sets out four circumstances or exceptions which make the mandatory sentence discretionary. The State argues that the prosecutor, not the trial judge, possesses the discretion to determine the applicability of the four circumstances. We conclude the statute does not support the State's interpretation.
Since the 1997 adoption of the Prison Releasee Reoffender Act, no reported appellate case has dealt with the issue presented here. We conclude that the applicability of the exceptions set out in subsection (d) involves a fact-finding function. We hold that the trial court, not the prosecutor, has the responsibility to determine the facts and to exercise the discretion permitted by the statute. Historically, fact-finding and discretion in sentencing have been the prerogative of the trial court. Had the legislature wished to transfer this exercise of judgment to the office of the state attorney, it would have done so in unequivocal terms.
The record supports the trial court's finding that "the victim does not want the offender to receive the mandatory prison sentence and provided a written statement to that effect." Because section 775.082(8)(d) provides this as one of the authorized exceptions to imposition of the mandatory sentence, we affirm.
Affirmed.
THREADGILL, A.C.J., and CASANUEVA, J., Concur.