732 So.2d 17 (1999)
Lorenzo SPEED, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1728.
District Court of Appeal of Florida, Fifth District.
April 23, 1999.
James B. Gibson, Public Defender, and Leonard R. Ross, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Alfred Washington, Jr., Assistant Attorney General, Daytona Beach, for Appellee.
COBB, J.
The defendant below, Lorenzo Speed, was convicted of strong armed robbery and was sentenced to fifteen years imprisonment pursuant to the Prisoner Releasee Reoffender Act, codified as section 775.082(8), Florida Statutes (1997).[1] The Act provides:
(8)(a)1. "Prison releasee reoffender" means any defendant who commits, or attempts to commit:
a. Treason;
b. Murder;
c. Manslaughter;

*18 d. Sexual battery;
e. Carjacking;
f. Home-invasion robbery;
g. Robbery;
h. Arson;
i. Kidnapping;
j. Aggravated assault;
k. Aggravated battery;
l. Aggravated stalking;
m. Aircraft piracy;
n. Unlawful throwing, placing, or discharging of a destructive device or bomb.
o. Any felony that involves the use or threat of physical force or violence against an individual;
p. Armed burglary;
q. Burglary of an occupied structure or dwelling; or
r. Any felony violation of s. 790.07, s. 800.04, s. 827.03, or s. 827.071;
within 3 years of being released from a state correctional facility operated by the Department of Corrections or a private vendor.
2. If the state attorney determines that a defendant is a prison releasee reoffender as defined in subparagraph 1., the state attorney may seek to have the court sentence the defendant as a prison releasee reoffender. Upon proof from the state attorney that establishes by a preponderance of the evidence that a defendant is a prison releasee reoffender as defined in this section, such defendant is not eligible for sentencing under the sentencing guidelines and must be sentenced as follows:
a. For a felony punishable by life, by a term of imprisonment for life;
b. For a felony of the first degree, by a term of imprisonment of 30 years;
c. For a felony of the second degree, by a term of imprisonment of 15 years; and
d. For a felony of the third degree, by a term of imprisonment of 5 years.
(b) A person sentenced under paragraph (a) shall be released only by expiration of sentence and shall not be eligible for parole, control release, or any form of early release. Any person sentenced under paragraph (a) must serve 100 percent of the court-imposed sentence.
(c) Nothing in this subsection shall prevent a court from imposing a greater sentence of incarceration as authorized by law, pursuant to s. 775.084 or any other provision of law.
(d)1. It is the intent of the Legislature that offenders previously released from prison who meet the criteria in paragraph (a) to be punished to the fullest extent of the law and as provided in this subsection, unless any of the following circumstances exist:
a. The prosecuting attorney does not have sufficient evidence to prove the highest charge available;
b. The testimony of a material witness cannot be obtained;
c. The victim does not want the offender to receive the mandatory prison sentence and provides a written statement to that effect; or
d. Other extenuating circumstances exist which preclude the just prosecution of the offender.
2. For every case in which the offender meets the criteria in paragraph (a) and does not receive the mandatory minimum prison sentence, the state attorney must explain the sentencing deviation in writing and place such explanation in the case file maintained by the state attorney. On a quarterly basis, each state attorney shall submit copies of deviation memoranda regarding offenses committed on or after the effective date of this subsection, to the president of the Florida Prosecuting Attorneys Association, Inc. The association must maintain such information, and make such information available to the public upon request, for at least a 10-year period.
*19 On appeal, Speed contends that the challenged Act "is an unconstitutional delegation of power from the legislative branch to the executive branch (the State Attorney) to (a) determine what the maximum punishment for a given crime is to be and (b) then divest and usurp the power of the judicial branch with respect to the sentencing function, in violation of Article II, section 3 of the Florida Constitution." In other words, the Act violates the separation of powers doctrine because it divests the trial court of sentencing discretion. Speed observes that this court upheld the sentencing guidelines[2] and the habitual offender statute[3] because they preserved sufficient elements of judicial discretion in the sentencing function. He argues that the Prison Releasee Reoffender Act, on the other hand, divests the trial court of all discretion in sentencing and reposits that discretion in the State Attorney.
The constitutionality of this Act was recently considered by the Third District in McKnight v. State, 727 So.2d 314, 24 Fla. L. Weekly D439 (Fla. 3d DCA 1999) and by the Second District in State v. Cotton, 24 Fla. L. Weekly D18, 728 So.2d 251 (Fla. 2d DCA 1998). The Act was also construed by the Fourth District in State v. Wise, 24 Fla. L. Weekly D657, ___ So.2d ___, 1999 WL 123568 (Fla. 4th DCA March 10, 1999). In McKnight Judge Sorondo's opinion disagrees with the analysis of Judge Blue in Cotton, who found that the four factors set forth in subsection (d) of the Act involve fact finding and the exercise of discretion by the trial court, thus saving the Act from any attack on the basis of separation of powers. The Fourth District is in agreement with the construction in Cotton. Based upon our reading of the Act, and its legislative history, we agree with the Third District that the factors in subsection (d) are intended by the legislature as considerations for the state attorney and not for the trial judge. Despite this interpretation of the Act, the Third District concluded that the Act does not contravene the separation of powers provision of the Florida Constitutionand we also agree with that conclusion. No appellate court to date has invalidated the Act.[4]
The legislature enacted the foregoing legislation because of its concern about the early release of violent felony offenders with the resulting toll upon Florida's residents and visitors. See Preamble, Ch. 97-239, Laws of Florida (1997). It is well established that setting penalties for crimes is a matter of substantive law within the power of the legislature. McKendry v. State, 641 So.2d 45 (Fla.1994); Smith v. State, 537 So.2d 982 (Fla.1989). Florida law contains mandatory minimum[5] statutes whereby the prosecutor, by charging pursuant to the statute, can implement a required level of punishment. Arguments that mandatory sentences violate the separation of powers have been uniformly rejected by courts in this state. See, e.g., Lightbourne v. State, 438 So.2d *20 380 (Fla.1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1330, 79 L.Ed.2d 725 (1984); Scott v. State, 369 So.2d 330 (Fla.1979); Sowell v. State, 342 So.2d 969 (Fla.1977). Accordingly, we reject the argument that the Act is unconstitutional because it requires the trial court to impose a mandatory minimum sentence.
We find no merit in the other issue raised by Speed in respect to the sufficiency of the evidence to support a conviction for strong armed robbery. See Mahn v. State, 714 So.2d 391 (Fla.1998); Jones v. State, 652 So.2d 346 (Fla.), cert. denied, 516 U.S. 875, 116 S.Ct. 202, 133 L.Ed.2d 136 (1995).
AFFIRMED.
GOSHORN and ANTOON, JJ., concur.
NOTES
[1] Now codified as section 775.082(9), Florida Statutes (1998).
[2] See Ecenrode v. State, 576 So.2d 967 (Fla. 5th DCA 1991).
[3] See Kirk v. State, 663 So.2d 1373 (Fla. 5th DCA 1995).
[4] We do have one profound reservation in regard to the Act, but it is not based on separation of powers but rather on substantive due process. Our concern is prompted by the provision in subsection (8)(d)1.c. of the Act which apparently gives the victim of the crime an absolute veto over imposition of the mandatory prison sentences prescribed by the Act, in this case a fifteen year sentence. Thus, the punishment of the offender will vary from case to case based upon the benign nature, or susceptibility to intimidation, of the criminal's victim. Should an armed robber be punished less severely because his victim happens to be forgiving rather than somewhat vindictive? Moreover, this provision of the Act promotes harassment and intimidation of the victim. Apparently this due process argument in regard to a victim veto has not been raised in any other case involving the validity of the Prison Releasee Reoffender Act, nor has it been briefed or argued in the instant appeal. We therefore do not determine its viability here.
[5] See §§ 775.0823, 775.087, Fla. Stat.