739 So.2d 626 (1999)
Reginald B. COLEMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 98-00340.
District Court of Appeal of Florida, Second District.
June 4, 1999.
James Marion Moorman, Public Defender, and Allyn Giambalvo, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Wendy Buffington, Assistant Attorney General, Tampa, for Appellee.
BLUE, Judge.
Reginald B. Coleman appeals from his enhanced prison releasee reoffender sentence and argues that the trial court erred because of the mistaken belief that it had no discretion in imposing the sentence. Coleman contends that the court had the discretion not to impose the enhanced sentence under a statutory exception to the otherwise mandatory prison sentence. Because we agree that the trial court possesses this discretion, we reverse and remand for resentencing.
Coleman was convicted of burglary of a dwelling and petit theft. The crimes occurred on April 19, 1997, in the home of Coleman's drug rehabilitation counselor, where Coleman had been temporarily staying until two days prior to the incident. Following a jury trial, he was convicted as charged. Over the objections of the victims, the trial judge sentenced Coleman as a prison releasee reoffender. At the time of the incident, Coleman had relapsed into his cocaine addiction. The victims, the counselor and the counselor's mother, were reluctant to be involved in the criminal prosecution because the State sought a lengthy prison sentence. The victims wanted Coleman to be sentenced to an extensive, long-term drug rehabilitation program and filed a letter with the court to that effect.
The State filed a notice of intent to seek classification of Coleman as a prison releasee reoffender pursuant to section 775.082(2), Florida Statutes (1997), which became effective May 30, 1997. See Ch. 97-239, § 7, at 4404, Laws of Fla. Coleman sought relief from the mandatory provisions of the Act pursuant to the statutory exception found in section 775.082(8)(d)1.c. when "[t]he victim does not want the offender to receive the mandatory prison sentence and provides a written statement to that effect."
The trial judge, believing he had no discretion, sentenced Coleman to fifteen years in prison as a prison releasee reoffender on the burglary charge. The record reflects that the judge was uncomfortable with what he considered to be a mandatory sentence and would have considered imposing a lesser sentence:
Well, I guess it's not a secret that the court is not happy about having this [sentencing] discretion taken away. I mean, this is a good example of the kind *627 of case the court would feel that a 15-year sentence would not be what the court would choose. And it does not really seem to be what the legislature would have contemplated. But I can't second-guess the legislature nor can I ignore the law.
The recommended guidelines sentence was between 60.6 months to 101 months in prison.
Subsequent to Coleman's sentencing, this court held that the trial court, rather than the prosecutor, has the responsibility to determine the applicability of the statutory exceptions to the mandatory sentences otherwise required under the Prison Releasee Reoffender Act. See State v. Cotton, 728 So.2d 251 (Fla. 2d DCA 1998). The Third District has held that the sentencing provisions of the statute are mandatory and certified direct conflict with Cotton. See McKnight v. State, 727 So.2d 314 (Fla. 3d DCA 1999). See also Woods v. State, 24 Fla. L. Weekly D831, 740 So.2d 20 (Fla. 1st DCA 1999) (noting apparent conflict with Cotton's interpretation of the Act). The Fourth District has agreed with Cotton and certified conflict with McKnight. See State v. Wise, 24 Fla. L. Weekly D657, ___ So.2d ___, 1999 WL 123568 (Fla. 4th DCA Mar.10, 1999).
Applying Cotton, we reverse and remand for a new sentencing hearing. See also Kelly v. State, 727 So.2d 1084, 1085 (Fla. 2d DCA 1999) ("Since the trial court erroneously indicated that it did not have discretion in imposing the fifteen-year minimum mandatory term [habitual violent felony offender], the appellant is entitled to be resentenced.").
Finally, we note that the record is not clear that Coleman's offenses occurred prior to the effective date of the recent prison releasee reoffender statute. At the new sentencing hearing, the trial court should first determine whether the prison releasee reoffender statute is applicable. If so, then sentence should be imposed pursuant to this court's decision in Cotton. We recognize and certify that this decision conflicts with McKnight and Woods.
Reversed and remanded for resentencing.
PATTERSON, A.C.J., and NORTHCUTT, J., Concur.