CASANUEVA, Judge.
Garrett Johns appeals his conviction and sentence for sexual battery. He first contends that the State failed to present sufficient evidence to prove a prima facie case, and, second, that the trial court erred in concluding it had no sentencing discretion. As to the first issue we affirm, finding that the State presented a prima facie case. However, Mr. Johns raises a meritorious sentencing issue and we reverse as to that issue only.
*63 At the sentencing hearing, the trial court found that Mr. Johns met the criteria of section 775.082, Florida Statutes (1997), so as to be qualified for sentencing as a prison releasee reoffender. Concluding that under this statute it had no sentencing discretion, the trial court sentenced Mr. Johns to fifteen years incarceration. In Coleman v. State, 739 So.2d 626 (Fla. 2d DCA 1999), and State v. Cotton, 728 So.2d 251 (Fla. 2d DCA 1998), review granted 737 So.2d 551 (Fla.1999), we held that a trial court has discretion to impose a sentence as a prison releasee reoffender or not. Therefore, we reverse the sentence in this cause, hastening to point out that at the time of Mr. Johns’s sentencing, the trial court had the benefit of neither Cotton nor Coleman. We note that two of our sister courts do not share our view. See McKnight v. State, 727 So.2d 314 (Fla. 3d DCA 1999), and Woods v. State, 740 So.2d 20 (Fla. 1st DCA 1999).
We affirm the conviction for sexual battery, reverse the sentence imposed, and remand for a new sentencing hearing at which time the trial court may impose whatever legal sentence it determines in its discretion is appropriate.
WHATLEY, A.C.J., and DAVIS, J., Concur.