W. SHARP, J.
Robinson appeals from his judgment and sentence after a jury convicted him of robbery[1] (Count I); possession of cocaine[2] (Count II), and possession of drug paraphernalia [3] (Count IV). A third count for possession of cannabis, was nolle prossed by the state. We certify this case to the supreme court.[4]
At issue here is the constitutionality of the Prison Releasee Reoffender Punishment Act (the “Act”), based on the separation of powers doctrine. This court has held that the Act does not violate the separation of power doctrine. Speed v. State, 732 So.2d 17 (Fla. 5th DCA 1999). However, Robinson argues that the supreme court has held that similarly situated litigants should have similar opportunities for review in the courts of this state. In Jollie v. State, 405 So.2d 418 (Fla.1981), the court held that a district court opinion, which cites as controlling authority a decision that is pending for review in the supreme court, constitutes express conflict and allows the supreme court to exercise its jurisdiction. The supreme court has taken jurisdiction in State v. Cotton, 728 So.2d 251 (Fla. 2d DCA 1998), review granted, 737 So.2d 551 (Fla.1999), which conflicts with our opinion in Speed.
We therefore certify the question to the supreme court.
COBB and GRIFFIN, JJ., concur.

. § 812.13, Fla. Stat. (1997), a second degree felony.

. § 893.13(6), Fla. Stat. (1997), a third degree felony.

. § 893.147(1), Fla. Stat. (1997), a misdemeanor.

. Fla. R. App. P. 9.030(a)(2)(iv),(vi).