CASANUEVA, Judge.
Thomas L. Kirkendall contends the trial court committed two errors in imposing his sentence as a prison releasee reoffender pursuant to section 775.082(8), Florida Statutes (1997). First, Mr. Kirkendall contends that the Prison Releasee Reoffender Act is unconstitutional. Recently, in Grant v. State, 745 So.2d 519 (Fla. 2d DCA 1999), this court upheld the constitutionality of the reoffender act; accordingly, we affirm.
Next, Mr. Kirkendall asserts that the trial court possessed unbridled discretion in imposing his sentence. Mr. Kirkendall argues that Johns v. State, 750 So.2d 62 (Fla. 2d DCA 1999), extended the discretion afforded a trial court at sentencing when section 775.082(8) is involved. Without hesitation, we reject that contention.
In State v. Cotton, 728 So.2d 251 (Fla. 2d DCA 1998), and later in Coleman v. State, 739 So.2d 626 (Fla. 2d DCA 1999), this *572 court identified the extent of discretion possessed by a trial court when considering whether to impose a sentence pursuant to the Prison Releasee Reoffender Act. Johns did not extend the range of discretion identified in and permitted by Cotton and Coleman. Rather, it held that a trial court erred in concluding it was without any discretion in imposing sentence pursuant to section 775.082(8). Here, the trial court concluded it was without any discretion in imposing Mr. Kirkendall’s sentence. As in Johns, this sentencing error preceded our opinions in Cotton and Coleman. Pursuant to Johns, we reverse the sentence imposed and remand for sentencing proceedings consistent with Cotton and Coleman. Other than to consider Cotton and Coleman, nothing in this opinion should be construed by the trial court as limiting the sentencing options legally available to it.
Reversed and remanded with instructions.
ALTENBERND, A.C.J., and GREEN, J., Concur.