753 So.2d 776 (2000)
David BROOKS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-1643.
District Court of Appeal of Florida, Fifth District.
March 24, 2000.
James B. Gibson, Public Defender, and Thomas J. Lukashow, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
HARRIS, J.
Brooks first argues that the Prison Releasee Reoffender Act (section 775.082(9), Florida Statutes (1999)) is unconstitutional based on a separation of powers defect and because it is unconstitutionally vague. We affirm the trial court on the issue of vagueness. See Woods v. State, 740 So.2d 20 (Fla. 1st DCA 1999), rev. granted, 740 So.2d 529 (Fla.1999). We also affirm on the separation of powers argument based on Speed v. State, 732 So.2d 17 (Fla. 5th DCA 1999), but, as we did in Robinson v. State, 742 So.2d 863 (Fla. 5th DCA 1999), we certify the issue to the Florida Supreme Court.
Brooks next argues, and we agree, that it was error to enhance his sentence both under the Prison Releasee Reoffender Act and under the habitual offender statute. See Lewis v. State, 751 So.2d 106, (Fla. 5th DCA 1999). We reverse the habitual offender enhancement sentence on the record as it now exists. If, however, the Supreme court rules the Prison Releasee Reoffender Act is unconstitutional, then this reversal is without prejudice in considering any future sentence.
AFFIRMED in part, REVERSED in part and issue CERTIFIED.
COBB, J., and ORFINGER, M., Senior Judge, concur.