757 So.2d 1219 (2000)
William VLAHOVICH, Appellant,
v.
STATE of Florida, Appellee.
No. 2D98-3948.
District Court of Appeal of Florida, Second District.
March 29, 2000.
Rehearing Denied April 24, 2000.
Walter L. Grantham, Jr., Clearwater, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee and Anne S. Weiner, Assistant *1220 Attorney General, Tampa, for Appellee.
CAMPBELL, Acting Chief Judge.
Appellant challenges his conviction for resisting arrest with violence and his sentence as a prison releasee reoffender. He raises the constitutionality of the Prison Releasee Reoffender Act and the trial court's allegedly incorrect belief that it was required to sentence appellant under the Act. We find no error in appellant's conviction or in the constitutionality of the Act. We write only to clarify the question of when sentencing under the Act is mandatory and when it is discretionary.
Appellant was convicted of resisting arrest with violence, among other offenses, following an incident at the Northside Hospital emergency room. Deputy Mehr had arrested appellant for a misdemeanor, but could not take him to jail immediately because he had a head injury. Appellant was taken to the Northside emergency room in handcuffs to receive sutures for his injury. While awaiting treatment, appellant became unruly, sticking himself with medical instruments from a surgical tray. Appellant made threatening gestures with the instruments and, despite being told to drop the instruments by both Deputy Mehr and a paramedic, he refused to do so. He threatened to stab anyone attempting to keep him there at the clinic. As a result, Deputy Mehr drew his service revolver to protect himself. He was finally able to subdue appellant with pepper spray and the assistance of the paramedic.
Although appellant argues that the court should have granted his motion for a judgment of acquittal on the charge of resisting arrest with violence, we cannot agree. A judgment of acquittal should not be granted unless there is no view that the jury could take that is favorable to the State. See Lynch v. State, 293 So.2d 44 (Fla.1974). Here, there was certainly a view that the jury could take that was favorable to the State. Although appellant maintains that he could not be convicted of resisting with violence under section 843.01, Florida Statutes (1997), because he was already in custody at the time that he resisted with violence, that is not the law. The case he cites in support of that proposition, Grant v. State, 366 So.2d 843 (Fla. 1st DCA 1979), has been clarified by another case, Miller v. State, 636 So.2d 144 (Fla. 1st DCA 1994), where the court held that if the underlying arrest is valid, as it was here, a struggle following arrest is an attempt to interfere with an officer in the performance of his duty in violation of section 843.01. That is what occurred here. We find no error in appellant's conviction.
Next, appellant challenges the constitutionality of his sentencing as a prison releasee reoffender. Because we have already addressed appellant's argument in Grant v. State, 745 So.2d 519 (Fla. 2d DCA 1999), where we found the Prison Releasee Reoffender Act constitutional, we decline to again address appellant's arguments.
Finally, appellant argues that the court erred in believing it had no discretion to sentence appellant under the Act. The State incorrectly concedes error on this point. Section 775.082(8)(d)1, Florida Statutes (1997), provides as follows:
(d)1. It is the intent of the Legislature that offenders previously released from prison who meet the criteria in paragraph (a) be punished to the fullest extent of the law and as provided in this subsection, unless any of the following circumstances exist:
a. The prosecuting attorney does not have sufficient evidence to prove the highest charge available;
b. The testimony of a material witness cannot be obtained.
c. The victim does not want the offender to receive the mandatory prison sentence and provides a written statement to that effect; or

*1221 d. Other extenuating circumstances exist which preclude the just prosecution of the offender.
The State's confusion stems from a misconstruction of our holding in State v. Cotton, 728 So.2d 251 (Fla. 2d DCA 1998). In Cotton, we held that "the trial court, not the prosecutor, has the responsibility to determine the facts and to exercise the discretion permitted by the statute." Id. at 252. The discretion we were referring to, however, was the discretion provided by the four subsections of section 775.082(8)(d)1. We stated: "The statute provides for lengthy mandatory sentences for such defendants. Subsection 775.082(8)(d)1. sets out four circumstances or exceptions which make the mandatory sentence discretionary." Id. at 252 [emphasis added]. Therefore, any discretion that the court may exercise is statutorily prescribed.
Of the four statutory exceptions to sentencing under the Act, three of them involve matters that would have already occurred at trial. Once a case reaches us on appeal, the only possible exception that the sentencing court could apply to relieve itself of sentencing under the Act is subsection c., which allows the court not to sentence the offender as a prison releasee reoffender if the victim does not want the offender to receive a prison releasee reoffender sentence. Here, the trial court specifically asked what the victim wanted and was told that the victim wanted appellant to be sentenced to the full sentence. Accordingly, none of the four exceptions applied to allow the court to avoid a prison releasee reoffender sentence. Because none of the statutory exceptions applied, the court was statutorily required to impose a prison releasee reoffender sentence. The court was therefore correct when it concluded that it had no discretion.
The case cited by appellant, Coleman v. State, 739 So.2d 626 (Fla. 2d DCA 1999), does not apply because in Coleman, the trial court's belief that it had no discretion under the Act was incorrect. The court believed it had no discretion to sentence outside the Act despite the victims' request that the defendant not be sentenced as a prison releasee reoffender. This belief was based upon the prosecutor's determination that no exceptions applied. Thus, even though one of the exceptions clearly applied, the court believed that because the prosecutor had made the prison releasee reoffender determination, the court had no discretion to sentence the defendant otherwise.
We hold then the trial court must determine the applicability of the Act, including the applicability of the four exceptions. Furthermore, sentencing under the Act is mandatory once the trial court concludes that the requirements of the Act are met. It is only "discretionary" if one or more of the exceptions apply, as determined by the trial court.
Affirmed.
BLUE and STRINGER, JJ., Concur.