PETERSON, J.
Robert James Kisner appeals the judgment and sentence he received under the Prison Releasee Reoffender Act for committing a Lewd and Lascivious or Indecent Act Upon a Child. Kisner first argues that the Prison Releasee Reoffender Act (section 775.082(8), Florida Statutes (1997)) is unconstitutional based on a separation of powers defect. We affirm on the separation of powers argument based on Speed v. State, 732 So.2d 17 (Fla. 5th DCA), review granted, 743 So.2d 15 (1999). But, we certify the issue to the Florida Supreme Court as we did in Richardson v. State, 748 So.2d 1042 (Fla. 5th DCA 1999), review granted, 751 So.2d 1253 (Fla. Jan.6, 2000); Robinson v. State, 742 So.2d 863 (Fla. 5th DCA 1999), review granted, Table No. SC96976, 761 So.2d 331 (Fla. Feb. 21, 2000); Moon v. State, 737 So.2d 655 (Fla. 5th DCA 1999), review granted, 751 So.2d 1253 (Fla.2000); Cook v. State, 737 So.2d 569 (Fla. 5th DCA 1999), review granted, Table No. SC96399, 761 So.2d 327 (Fla. Feb 21, 2000).
Kisner’s second argument is that the Prison Releasee Reoffender Act is unconstitutional because it denies due process of law. This argument was raised, sua sponte, by this Court in Speed, 732 So.2d at 19 n. 4. While this argument has been raised by Kisner, it has not been briefed in the instant appeal. We, therefore, do not consider its validity or viability.
DAUKSCH and HARRIS, JJ„ concur.