PER CURIAM.
We have for review the decision in Coleman v. State, 739 So.2d 626 (Fla. 2d DCA 1999), in which the Second District reversed Coleman’s mandatory 15-year sentence which had been imposed based upon the trial court’s understanding that, because Coleman qualified as a prison releas-ee reoffender under section 775.082(2), Florida Statutes (1997)(the “Act”), and the State had sought sentencing pursuant to the Act, the trial court did not have discretion in imposing the sentence. In so doing, the Second District relied on its opinion in State v. Cotton, 728 So.2d 251 (Fla. 2d DCA 1998), and certified conflict with Woods v. State, 740 So.2d 20 (Fla. 1st DCA 1999), and McKnight v. State, 727 So.2d 314 (Fla. 3d DCA 1999). We have jurisdiction. See V, § 3(b)(4), Fla. Const.
We recently quashed the Second District’s decision in Cotton and approved the First District’s decision in Woods v. State, 740 So.2d 20 (Fla. 1st DCA 1999), holding that the Act, as properly interpreted by the First District, does not violate separation of powers, and rejecting other constitutional challenges to the Act. See State v. Cotton, SC94996 & SC95281, — So.2d -, 2000 WL 766521 (Fla. June 15, 2000). Accordingly, for the reasons expressed in Cotton, we quash the Second District’s decision in this case, and remand for further proceedings consistent with this opinion.
It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD, PARIENTE and LEWIS, JJ., concur.
QUINCE, J., dissents with an opinion.