PER CURIAM.
We have for review the decision in State v. Johnson, 743 So.2d 45 (Fla. 2d DCA 1999), in which the district court affirmed the lower court’s sentencing decision based upon State v. Cotton, 728 So.2d 251 (Fla. 2d DCA 1998)(holding that the trial court has discretion to determine whether a defendant should be sentenced as a prison releasee reoffender pursuant to section 775.082(8), Florida Statutes (1997)). In so doing, the Second District certified conflict with Woods v. State, 740 So.2d 20 (Fla. 1st DCA 1999), and McKnight v. State, 727 *522 So.2d 314 (Fla. 3d DCA 1999). We have jurisdiction. See V, § 3(b)(4), Fla. Const.
We recently quashed the Second District’s decision in Cotton, and approved the First District’s decision in Woods v. State, 740 So.2d 20 (Fla. 1st DCA 1999), holding that the Act, as properly interpreted by the First District, does not violate separation of powers, and rejecting other constitutional challenges to the Act. See State v. Cotton, Nos. SC94996 & SC95281, — So.2d -, 2000 WL 766521 (Fla. June 15, 2000). Accordingly, for the reasons expressed in Cotton, we quash the Second District’s decision in this case with directions to remand the case to the trial court for proceedings consistent with our opinion in Cotton.
It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD, PARIENTE and LEWIS, JJ., concur.
QUINCE, J., dissents with an opinion.