766 So.2d 480 (2000)
Donel JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-2560.
District Court of Appeal of Florida, Fifth District.
September 22, 2000.
James B. Gibson, Public Defender, and John M. Selden, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann M. Phillips, Assistant Attorney General, Daytona Beach, for Appellee.
W. SHARP, J.
Johnson appeals his sentence and convictions for burglary of a residence,[1] and petit theft.[2] We find no error occurred below, and affirm.
*481 Johnson first argues that the trial court erred when it limited the defense counsel in cross-examining a state witness, Gentry. The state acknowledges that a defendant has the right to show that a prosecution witness has charges pending at the time of the testimony in order to show bias, motive or self-interest on the part of the witness. Jean-Mary v. State, 678 So.2d 928, 928-929 (Fla. 3d DCA 1996). If a prosecution witness is under criminal charges at the time of the testimony, the defendant has the absolute right to bring this fact out on cross-examination so that the jury will be fully advised as to the witness' possible motive or self-interest with respect to the testimony he gives. Stripling v. State, 349 So.2d 187, 191 (Fla. 3d DCA 1977); Morrell v. State, 297 So.2d 579 (Fla. 1st DCA 1974).
In this case, the defense was able to, and did bring out, that the state's witness was under pending charges both at the time she notified police that Johnson had a television set, and at the time of the trial. Defense brought out the nature of the charges which had then been pending, as well as her previous criminal record. § 90.403; Jackson v. State, 498 So.2d 906, 909 (Fla.1986)(if witness answers questions regarding convictions correctly, questioning must cease; underlying specifics of crimes may not be presented to jury); Hunter v. State, 660 So.2d 244, 251 (Fla.1995)(evidence of other crimes admissible only if it is probative of a material issue other than the bad character or propensity of witness).
Further, in this case, the pending charges about the state witness had nothing whatsoever to do with the burglary or petit theft with which Johnson was charged. There is no nexus between Johnson's offenses and the witness' pending charges.
A review of the record, however, reveals that this issue is without merit for another reason. Defense had wanted to introduce the conviction for impeachment purposes. The court clearly outlined how defense could proceed: show the conviction to Gentry, and use it in cross-examination. Defense stated he understood, but failed to take any action. Therefore, the trial court did not prohibit defense from cross-examining Gentry on this issue.
In addition, Johnson argues the trial court erred in sentencing him as a prison releasee reoffender because it ruled that it had no discretion not to do so when a victim submits a written opposition to the mandatory sentence. The victim in this case provided such a statement.
At the time of Johnson's offense and sentencing, section 775.082(8)(d), Florida Statutes (1997) provided:
a. The prosecuting attorney does not have sufficient evidence to prove the highest charge available:
b. The testimony of a material witness cannot be obtained:
c. The victim does not want the offender to receive the mandatory prison sentence and provides a written statement to that effect; or
d. Other extenuating circumstances exist which preclude the just prosecution of the offender.
Since the briefs in this case were presented, the Florida Supreme Court has resolved the issue of the victim statement. See State v. Cotton, 769 So.2d 345 (Fla. 2000). As in this case, the earlier version of the Prison Reoffender Releasee Act was in effect. However, the court used the later amendment in interpreting the effect that should be given to a victim statement seeking leniency for an offender.[3] It concluded that under both versions of the statute, it is only the state attorney who *482 has discretion to seek prison releasee reoffender sentencing. If the state attorney seeks prison releasee reoffender sentencing, despite a plea for leniency by the victim, the court has no discretion and must impose the mandatory sentence. Cotton.
AFFIRMED.
GRIFFIN and SAWAYA, JJ., concur.
NOTES
[1] § 810.02, Fla. Stat. (1997).
[2] § 812.014, Fla. Stat. (1997).
[3] It is the intent of the Legislature that offenders previously released from prison who meet the criteria in paragraph (a) be punished to the fullest extent of the law and as provided in this subsection, unless the state attorney determines that extenuating circumstances exist which preclude the just prosecution of the offender, including whether the victim recommends that the offender not be sentenced as provided in this subsection. (emphasis added) Ch. 99-188, § 2, Laws of Fla. (codified in section 775.082(9)(d), Florida Statutes (1999)).