LEWIS, J.
We have for review Williams v. State, 738 So.2d 1032 (Fla. 5th DCA 1999), which expressly and directly conflicts with the opinion in State v. Cotton, 728 So.2d 251 (Fla. 2d DCA 1998), quashed, 769 So.2d 345 (Fla.2000). We have jurisdiction. See Art. V, § 3(b)(3), Fla. Const.
Williams challenges his five-year prison sentence under the Prison Releasee Reof-fender Act[1] (the “Act”) on several grounds, all of which have been addressed by this Court in other opinions. See McKnight v. State, 769 So.2d 1039 (Fla.2000) (holding that a defendant has the right both to present evidence to prove that the defendant does not qualify for sentencing under the Act, and to challenge the State’s evidence regarding the defendant’s eligibility for sentencing as a prison releasee reoffender); Grant v. State, 770 So.2d 655 (Fla.2000) (rejecting an ex post facto challenge to the Act and holding that the Act does not violate the single subject rule for legislation, nor does it violate principles of equal protection or subject defendants sentenced under it to double jeopardy); Ellis v. State, 762 So.2d 912 (Fla.2000) (recognizing that, “[a]s to notice, publication in the Laws of Florida or the Florida Statutes gives all citizens constructive notice of the consequences of their actions”) (quoting State v. Beasley, 580 So.2d 139, 142 (Fla.1991)); State v. Cotton, 769 So.2d 345 (Fla.2000) (holding that the Act does not violate separation of powers, is not void for vagueness, and does not violate principles of due process by allowing a “victim veto” precluding application of the Act). Accordingly, the decision in Williams is approved to the extent it is consistent with Cotton,[2] Ellis, McKnight, and Grant.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD and PARIENTE, JJ., concur.
QUINCE, J., dissents with an opinion.

. See § 775.082(8), Fla. Slat. (1997).

. The district court, in affirming Williams' sentence, cites to Speed v. State, 732 So.2d 17 (Fla. 5th DCA), review granted, 743 So.2d 15 (Fla.1999). In Cotton, we disapproved the decision in Speed to the extent that it was inconsistent with our opinion in Cotton.