LEWIS, J.
We have for review the decision in State v. Murray, 732 So.2d 500 (Fla. 5th DCA 1999), which expressly and directly conflicts with the opinion in State v. Cotton, 728 So.2d 251 (Fla. 2d DCA 1998), quashed, 769 So.2d 345 (Fla.2000). We have jurisdiction. See Art. V, § 3(b)(3), Fla. Const.
Murray makes numerous challenges to the Prison Releasee Reoffender Act[1] (the “Act”), all on grounds that have been addressed by this Court in other opinions. See McKnight v. State, 769 So.2d 1039 (Fla.2000) (holding that a defendant has the right both to present evidence to prove that the defendant does not qualify for sentencing under the Act and to challenge the State’s evidence regarding the defendant’s eligibility for sentencing as a prison *273 releasee reoffender); Grant v. State, 770 So.2d 655 (Fla.2000) (rejecting an ex post facto challenge to the Act, and holding that the Act violates neither the single subject rule for legislation nor principles of equal protection); Ellis v. State, 762 So.2d 912 (Fla.2000) (recognizing- that, “[a]s to notice, publication in the Laws of Florida or the Florida Statutes gives all citizens constructive notice of the consequences of their actions”) (quoting State v. Beasley, 580 So.2d 189, 142 (Fla.1991)); State v. Cotton, 769 So.2d 345 (Fla.2000) (holding that the Act violates neither separation of powers nor principles of due process by allowing a “victim veto” that precludes application of the Act, as well as holding that the Act is not void for vagueness and does not constitute a form of cruel or unusual punishment). Accordingly, the decision in Murray is approved to the extent it is consistent with Cotton,[2] Ellis, McKnight, and Grant.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD and PARIENTE, JJ., concur.
QUINCE, J., dissents with an opinion.

. See § 775.082(9), Fla. Stat. (Supp.1998).

. The district court, in affirming Murray's sentence, cites to Speed v. State, 732 So.2d 17 (Fla. 5th DCA), review granted, 743 So.2d 15 (Fla.1999). In Cotton, we disapproved the decision in Speed to the extent that it was inconsistent with our opinion in Cotton.