832 So.2d 249 (2002)
STATE of Florida, Appellant,
v.
Robert SMITH, Jr., Appellee.
No. 5D02-1796.
District Court of Appeal of Florida, Fifth District.
December 6, 2002.
Richard E. Doran, Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant *250 Attorney General, Daytona Beach, for Appellant.
James B. Gibson, Public Defender, and Lyle Hitchens, Assistant Public Defender, Daytona Beach, for Appellee.
PLEUS, J.
The state appeals the sentence imposed on Robert Smith after a jury found him guilty of two counts of lewd or lascivious battery.[1] The state argues that the trial court erred when it refused to sentence Smith as a prison releasee reoffender ("PRR") after the state proved that he qualified for such a sentence. We agree and reverse for resentencing.
Smith was charged with two counts of lewd or lascivious battery. Before trial, the state filed a notice of its election to prosecute Smith as a PRR. At trial, the jury found Smith guilty as charged on both counts. At sentencing, the state presented certified copies of Smith's judgments and sentences and called a fingerprint expert who verified each of the defendant's prior convictions. In addition, the state presented an affidavit showing that Smith had been released from prison just over two months before he committed the instant crimes. The trial court explicitly found that the state had proven by a preponderance of the evidence "that the defendant meets the criteria for sentencing as a Prison Releasee Reoffender pursuant to the statute." The state asked the court to sentence Smith to 203.1 months as a PRR.
Defense counsel asked the court to impose a five year sentence, arguing that Smith should not be sentenced as a PRR because neither the 12-year-old victim nor her mother favored a sentence greater than five years. The court decided not to sentence Smith as a PRR based on the victim's and her mother's wishes. The court sentenced Smith to five years on each count to be served concurrent, stating:
I would also find that he does meet the criteria, but I chose not to sentence him as Prison Releasee Reoffender because of the victim coming forward at the last moment and stating that it was what she wanted as far as the five years.
The state is correct that once it proves that a defendant is qualified under the PRR Act, the trial court has no discretion to sentence the defendant under the act. See State v. Cotton, 769 So.2d 345 (Fla.2000); Johnson v. State, 766 So.2d 480 (Fla. 5th DCA 2000).
Smith argues there is an exception to the mandatory PRR sentence requirement found in section 775.082(d), Florida Statutes, which provides:
It is the intent of the legislature that offenders previously released from prison who meet the criteria in paragraph (a) be punished to the fullest extent of the law in as provided in the subsection, unless the state attorney determines that extenuating circumstances exist which preclude the just prosecution of the offender, including whether the victim recommends that the offender not be sentenced as provided in this subsection.
Smith also relies on Vlahovich v. State, 757 So.2d 1219 (Fla. 2d DCA 2000), in which the court stated:
Once a case reaches us on appeal, the only possible exception that the sentencing court could apply to relieve itself of sentencing under the Act is subsection c., which allows the court not to sentence the offender as a prison releasee reoffender if the victim does not want the *251 offender to receive a prison releasee reoffender sentence.
Id. at 1221.
These authorities offer no assistance to Smith. Section 775.082(d)1 clearly gives the state attorney, not the trial court, discretion to seek a punishment less than the PRR Act requires when extenuating circumstances exist, including whether the victim favors a lesser sentence.
In addition, the state notes that Vlahovich, cited by Smith, was later quashed by the Florida Supreme Court in Vlahovich v. State, 788 So.2d 245 (Fla.2001), "as it relates to the petitioner's sentencing under the Prison Releasee Reoffender Act." The supreme court remanded the case "for reconsideration upon application of our decisions in Grant v. State, 770 So.2d 655 (Fla.2000); State v. Cotton, 769 So.2d 345 (Fla.2000); McKnight v. State, 769 So.2d 1039 (Fla.2000); and Ellis v. State, 762 So.2d 912 (Fla.2000)." 788 So.2d at 245.
Based on the above-cited cases, the trial court erred as a matter of law in refusing to sentence Smith as a PRR. Once the trial court determined that the state had proven, by a preponderance of the evidence, that the defendant met PRR qualifications, the trial court erred in refusing to sentence him as a PRR. Accordingly, Smith's sentence is reversed and the cause remanded for resentencing under the PRR act.
REVERSE AND REMAND.
COBB and PETERSON, JJ., concur.
NOTES
[1] § 800.04(4)(a), Fla. Stat. (2000).