834 So.2d 384 (2003)
Darryl JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-1603.
District Court of Appeal of Florida, Second District.
January 15, 2003.
James Marion Moorman, Public Defender, and Richard J. Sanders, Assistant Public Defender, Bartow, for Appellant.
Charlie Crist, Attorney General, Tallahassee, and Robert J. Krauss, Sr. Assistant Attorney General and Dale E. Tarpley, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Darryl Johnson appeals the denial of his motion to withdraw his pleas and the judgments and sentences that were entered against him. Because Johnson should have been permitted to withdraw his pleas, we reverse.
Johnson pleaded guilty to two counts of armed robbery without an agreement as to the sentences that would be imposed. He was aware that he faced potential sentences of life imprisonment pursuant to the Prison Releasee Reoffender Punishment Act (the Act), section 775.082(3)(a)(3), Florida Statutes (1997). However, he entered his pleas believing that the trial court could impose lesser sentences based on any mitigation that he could establish or exceptions that might be available under the Act. The State confirmed that no *385 sentencing agreement had been reached and asserted that life sentences were mandatory unless one of the statutory exceptions applied. The trial court accepted Johnson's pleas and stated that Johnson was facing sentences of "up to life" imprisonment but that there had been no agreement as to what sentences would actually be imposed.
A different judge presided over two hearings that addressed sentencing. At the first, counsel for Johnson reiterated that the pleas were entered with the knowledge that life sentences could be imposed, but he indicated that Johnson entered the pleas anticipating that lesser sentences were possible based on the provisions of the Act and other considerations. The judge indicated that he would postpone sentencing until he could speak with the judge who had taken the pleas. At the second sentencing hearing, the judge imposed concurrent sentences of thirty years' imprisonment rather than life sentences under the Act.
On appeal, this court affirmed Johnson's sentences on the basis that the trial court had the discretion to determine whether a defendant should be sentenced as a prison releasee reoffender under the Act. See State v. Johnson, 743 So.2d 45 (Fla. 2d DCA 1999). The Florida Supreme Court reversed in State v. Johnson, 762 So.2d 521 (Fla.2000), citing to State v. Cotton, 769 So.2d 345 (Fla.2000). In Cotton, the supreme court concluded that the Act established minimum mandatory sentences and removed sentencing discretion from the judicial branch. Id. at 347-49. The court stated that it is the state attorney who invokes the mandatory sentencing provisions of the Act and who determines whether extenuating circumstances exist to preclude prosecution under the Act. Id. at 348.
On remand, another judge handled Johnson's resentencing. Johnson sought to withdraw his pleas asserting that when the pleas were made, sentences of less than life were anticipated and discussed. He entered the pleas believing in and relying on the possibility that lesser sentences could be imposed by the trial court. The trial court denied Johnson's request to withdraw his pleas and imposed life sentences under the Act.
Johnson argues that the trial court should have allowed him to withdraw his pleas because of his mistake or misapprehension about the sentencing possibilities. We agree.
A trial court should allow a defendant to withdraw a plea when the defendant establishes that the plea was entered under mental weakness, mistake, surprise, misapprehension, fear, promise, or other circumstances affecting the defendant's rights. See Baker v. State, 408 So.2d 686, 687 (Fla. 2d DCA 1982); Yesnes v. State, 440 So.2d 628, 634 (Fla. 1st DCA 1983). Johnson met this standard by establishing that his pleas were based on a misapprehension as to the sentences that the trial court could impose. While life sentences were possible, his pleas were based on his and his counsel's belief that the trial court had the discretion to impose something other than mandatory life sentences.[1] Johnson and his counsel understood that they would have the opportunity to present information supporting the imposition of lesser sentences, and the State acknowledged that extenuating circumstances *386 could preclude the imposition of life sentences. The judge who accepted the pleas acknowledged that Johnson could present witnesses to speak on his behalf at sentencing, which supports Johnson's contention that he understood mitigation was possible. We also note that prior to accepting the pleas, the trial court did not advise Johnson that he was subject to minimum mandatory sentences under the Act. See Fla. R.Crim. P. 3.172(c)(i).
Under all of the circumstances, Johnson was prejudiced by the trial court's failure to warn him of the minimum mandatory sentences, see Simmons v. State, 489 So.2d 43, 44 (Fla. 4th DCA 1986), and he entered his pleas based on a mistake or misapprehension concerning the sentences that could be imposed by the trial court. Because the trial court should have permitted Johnson to withdraw his pleas, we reverse and remand for further proceedings consistent with this opinion.
Reversed and remanded.
FULMER and KELLY, JJ., Concur.
NOTES
[1] We are mindful of the fact that prior to the supreme court decision in Cotton, the district courts of appeal had been in conflict concerning a trial court's discretion to determine whether or not to impose a mandatory sentence under the Act. See Cotton, 769 So.2d at 346-47, and the cases cited therein.