PER CURIAM.
The State of Florida appeals the trial court’s order granting post-conviction relief, pursuant to Florida Rule of Criminal Procedure 3.850, to Joe Mike Retalie for ineffective assistance of trial counsel. Because the three grounds relied upon in *316 granting relief are legally insufficient, we reverse.
A jury found Retalie guilty of armed burglary and two counts of grand theft. He was sentenced as a prison releasee reoffender (PRR) to life in prison for the burglary charge pursuant to sections 775.082(9)(a)l-3, Florida Statutes, and to concurrent five-year terms for the two counts of grand theft. His appeal of that conviction and sentence was affirmed. Retailic v. State, 758 So.2d 1264 (Fla. 5th DCA2000).[1]
The trial court granted Retalie relief based on his counsel’s failure to: (1) request a specific jury verdict on whether Retalie actually possessed a gun during the burglary; (2) present evidence that the victim did not desire sentencing under the Prison Releasee Reoffender Act (PRRA); and (3) challenge Retalic’s arrest and seek suppression of taped statements he made to a co-defendant while both were sitting in the back seat of a police car.

SPECIFIC JURY INSTRUCTION

The first ground for granting relief was that defense counsel failed to request a specific jury verdict on whether or not Retalie actually possessed the gun. The State points out that Retalie was charged as a principal. The State did not contend that Retalie personally entered the home or personally took the gun. Nevertheless, the trial court granted relief on this ground, finding possession of the gun “the most critical issue to the Defendant.” Since actual possession of the gun was not something that the State was required to prove, this ground presents neither deficient performance nor prejudice. Retalie was convicted as a principal for armed burglary, which was not dependent upon proof of his actual possession of the gun.

PRR SENTENCE

In Retalic’s defense, counsel testified that he attempted to contact the victim of the burglary several times by letter, telephone and personal communications, and that he also attempted to persuade the victim to request that Retalie not be sentenced as a PRR.[2] The victim acknowledged receipt of all of trial counsel’s requests, declined, and thought at the time that the appropriate sentence was to “cut his head off.” It was not until the instant proceedings that the victim changed his mind and no longer believed that a life sentence was appropriate. Defense counsel’s efforts can not be classified as ineffective on this ground after having made repeated attempts to gain the victim’s cooperation. Moreover, even if the victim had asked for leniency, the State correctly points out that it was under no obligation to adhere to the request. See, e.g., State v. Smith, 832 So.2d 249 (Fla. 5th DCA 2002) (recognizing that the PRRA clearly gives the state attorney, not the trial court, discretion to seek a punishment less than the PRRA requires when extenuating circumstances exist, including when the victim favors a lesser sentence).

ARREST AND SUPPRESSION

The undisputed facts show that as Retalie and his co-defendant were driving away from the burglary site, their vehicle was involved in a minor accident. Retalie exited the vehicle, which was pulling the victim’s boat on a trailer, and when the co-defendant noticed the presence of police officers, he fled the scene in the vehicle *317 leaving Retalie standing by the roadside. This and other subsequent suspicious behavior alerted the police, who gave chase and apprehended the co-defendant after he had abandoned the boat and trailer, along with other incriminating evidence. The police then picked up Retalie, who was walking along the roadway, and placed him with his co-defendant in the back of a police car equipped with a tape recorder. Before arresting Retalie, the police learned that the boat and other incriminating evidence had been taken in a burglary. We agree with defense counsel that there was no good faith basis to argue that the police lacked probable cause to arrest Retalie or to move to suppress the recorded statements.

CONCLUSION

While we recognize that a life sentence for Retalic’s role in the criminal episode may appear excessive in comparison to penalties imposed for other more egregious offenses, we must reverse as we are bound to follow this state’s criminal code of justice.
The order granting relief upon Retalic’s motion for post-judgment relief is vacated and the matter is remanded to the trial court for reinstatement of the judgment and sentence.
REVERSED.
PETERSON, MONACO and TORPY, JJ., concur.

. Apparently, Retalic's name was misspelled in the direct appeal.

. Retalic's counsel also provided the victim with a copy of the PRRA in hopes that the victim, a lawyer himself, would recognize the consequences of the PRRA.