PER CURIAM.
We affirm Jerome Ellington’s appeal of his judgment of conviction for felony battery. As to the issue raised on cross-appeal, however, we hold that the trial court erred when it failed to sentence appellant as a prison releasee reoffender. As a result, we vacate the sentence and remand for resentencing.
It is well-settled that, once the State proves by a preponderance of the evidence that a defendant qualifies as a prison releasee reoffender, the trial court must sentence the defendant in accordance with the provisions of section 775.082(9), Florida Statutes. See State v. Cotton, 769 So.2d 345 (Fla.2000); Johnson v. State, 766 So.2d 480, 481-82 (Fla. 5th DCA 2000). A trial court does not have discretion to depart from the sentence mandated by sec *1132 tion 775.082(9), and the refusal to impose the mandatory minimum sentence is error as a matter of law. See State v. Garcia, 923 So.2d 1186 (Fla. 3d DCA 2006); State v. Smith, 832 So.2d 249 (Fla. 5th DCA 2002).
Appellant’s conviction for felony battery for intentionally touching or striking another against her will causing great bodily harm, permanent injury or permanent disfigurement qualified appellant for sentencing as a prison releasee reoffender. See Brooks v. State, 93 So.3d 402 (Fla. 2d DCA 2012). Indeed, the record reflects that the defense acknowledged and that the trial court found that appellant qualified for sentencing as a prison releasee reoffender. Yet, the trial court believed it had discretion as to whether appellant was so sentenced. As noted, the trial court did not possess such discretion. Garcia; Smith.
Accordingly, the sentence is vacated, and the cause is remanded for resentenc-ing consistent with this opinion.
VAN NORTWICK, CLARK, and RAY, JJ., concur.