FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D18-3108
_____

TAMIKA REESE,

   Appellant,

   v.

STATE OF FLORIDA,

   Appellee.

_____


On appeal from the Circuit Court for Leon County.
Angela C. Dempsey, Judge.

June 12, 2019


WETHERELL, J.

   Tamika Reese appeals the order summarily denying her motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. We affirm.

**Background**

   Reese was convicted of multiple felony offenses[1] arising out of a home invasion robbery during which Reese shot one victim and

---

   [1]  Burglary of a dwelling with person assaulted (count I), robbery (count II), attempted armed robbery with a firearm (count III), false imprisonment with a firearm (count IV), aggravated

her co-defendant attacked another victim. Reese was sentenced to life in prison as a prison releasee reoffender (PRR) for burglary and concurrent sentences ranging from time-served to 25 years for the other offenses. Reese's judgment and sentence were per curiam affirmed on direct appeal. *See Reese v. State*, Case No. 1D14-2229, 229 So. 3d 323 (Fla. 1st DCA 2016) (table).

Reese filed a timely rule 3.850 motion in which she raised six claims of ineffective assistance of counsel and one claim of cumulative error. The trial court summarily denied the motion on the merits. Reese filed a timely motion for rehearing, which the trial court denied. This appeal followed.

## Applicable Legal Standard

To prove a claim of ineffective assistance of counsel, the defendant must establish that (1) defense counsel's performance was deficient and (2) the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, the defendant must overcome the strong presumption that counsel's conduct was reasonable and show that the conduct fell below an objective standard of reasonableness based on prevailing professional standards. *Id.* at 688-89; *see also id.* at 687 ("[The deficient performance prong] requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."). To establish prejudice, the defendant must show a reasonable probability—i.e., a probability sufficient to undermine confidence in the outcome—that the result of the proceeding would have been different but for counsel's unprofessional errors. *Id.* at 694; *see also id.* at 687 ("[The prejudice prong] requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.").

## Analysis

We fully agree with the trial court's analysis of claims 1, 3, 6, and 7, and we affirm the denial of those claims without further

battery with a firearm (count V), battery (count VI), and possession of a firearm by a convicted felon (count VII).

comment. We affirm the denial of the other claims for the reasons that follow.

*Claim 2*

In claim 2, Reese alleged that her trial counsel was ineffective for not presenting mitigating evidence *at trial*. The trial court correctly found this claim to be refuted by the record (based on a colloquy between the court and Reese at trial) and legally insufficient (because "[m]itigating evidence is not admissible at trial, only at sentencing").

In her motion for rehearing, Reese clarified that this claim also alleged that her counsel was ineffective for not presenting mitigating evidence *at sentencing*. Even with this clarification, the claim was properly denied because Reese cannot show prejudice since the trial court was *required* to impose a life sentence for the burglary under the PRR statute irrespective of any mitigating evidence that might have been presented. *See Ellington v. State*, 96 So. 3d 1131, 1131-32 (Fla. 1st DCA 2012) ("It is well-settled that, once the State proves by a preponderance of the evidence that a defendant qualifies as a [PRR], the trial court must sentence the defendant in accordance with the provisions of section 775.082(9), Florida Statutes. A trial court does not have discretion to depart from the sentence mandated by section 775.082(9), and the refusal to impose the mandatory minimum sentence is error as a matter of law.") (citations omitted).

*Claim 4*

In claim 4, Reese alleged that her trial counsel was ineffective for not asking the victim about his pending criminal charges to show that he had a motive to testify that his attacker was a woman (Reese) as the State claimed, and not a man as he originally told the police. The trial court denied this claim, concluding that counsel could not have attacked the victim's credibility with the pending charges.

Contrary to the trial court's reasoning, "when charges are pending against a prosecution witness at the time he testifies, the defense is entitled to bring this fact to the jury's attention to show bias, motive or self-interest." *Larkins v. State*, 655 So. 2d 95, 99

3

(Fla. 1995) (quoting *Torres-Arboledo v. State*, 524 So. 2d 403, 408 (Fla. 1988)). However, even if counsel was deficient for not asking the victim about his pending charges, this claim was properly denied because Reese cannot establish prejudice.

Although trial counsel did not impeach the victim with his pending charges, counsel extensively cross-examined the victim about his drug use at the time of the offense (he admitted to smoking marijuana the night before the attack) as well as his original description of his attacker as a man (he explained that he mistook the attacker for a man because she was smaller than the co-defendant and was wearing men's clothing), and counsel emphasized the victim's credibility issues during closing argument. Additionally, counsel made the jury aware of the victim's pending charges by eliciting testimony from a police officer about the victim's arrest for drug offenses based on evidence found during the officer's investigation of this case, and counsel used this fact in closing argument to further attack the victim's credibility.[2] Under these circumstances, Reese cannot show that the outcome

---

[2] Specifically, counsel argued:

Look at [the victim's] situation. [He] is a drug dealer. He's got marijuana not just not just in his possession, he's got it up in his apartment and he sells it.

In fact, [the police] charged him with possession of contraband for the purpose of sale. He's a defendant. That case is still pending. Look what he's doing. [He] is doing the same thing as [the co-defendant]. He's trying to line up with the State, get his story where it kind of makes the State's case against [Reese] easier. . . . .

\*     \*     \*

[The victim] feels like he can come in here and get out of the mess that he's in to deal with these pending charges, to stay out of jail or state prison, if he gets his story straight that it matches up with the prosecution in this case, which is built almost entirely . . . on the testimony of [the co-defendant].

4

of the case would have been any different had trial counsel asked the victim about his pending charges.

*Claim 5*

In claim 5, Reese alleged that her trial counsel was ineffective for failing to argue that her convictions for aggravated battery with a firearm (count V) and battery (count VI) were barred by double jeopardy. The trial court denied this claim as "meritless" because the offenses contained different elements. We agree that this claim is meritless, but for different reasons.

The record reflects that counts V and VI were based on *different* victims: count V was based on the victim shot by Reese whereas count VI was based on the victim attacked by her co-defendant for which Reese was convicted as a principal. It is axiomatic that multiple battery convictions—whether simple or aggravated—are legally permissible where multiple victims are battered. *See Williams v. State*, 106 So. 3d 964, 966 (Fla. 3d DCA 2013). Accordingly, Reese cannot show deficient performance in her counsel's failure to argue that her dual battery convictions violate double jeopardy. *See Teffeteller v. Duggar*, 734 So. 2d 1009, 1023 (Fla. 1999) ("Trial counsel cannot be deemed ineffective for failing to raise meritless claims . . . .").

**Conclusion**

For the reasons stated above, we affirm the order denying Reese's rule 3.850 motion.

AFFIRMED.

RAY and WINSOR, JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

5

Tamika Reese, pro se, Appellant.

Ashley Moody, Attorney General, and Anne C. Conley, Assistant Attorney General, Tallahassee, for Appellee.