PEARSON, Judge.
Appellant brings for review his conviction for aggravated assault and his sentence to eighteen months in prison. Two points are presented: (1) The evidence is insufficient to establish an intentional assault. (2) The trial court erred in sustaining the state’s objection to a question on cross-examination of a state’s witness. We affirm.
The evidence is clearly sufficient to establish the general intent required. See McCullers v. State, Fla.App. 1968, 206 So. 2d 30. Appellant’s reliance upon the rule applied in Munday v. State, Fla.App. 1971, 254 So.2d 33 is unavailing because no reasonable view of the evidence permits a conclusion other than that appellant intended to assault the victim.
, The second point presents a close question. The trial judge sustained the state’s abjection to the following question upon cross-examination of the victim: “Do you at the present time have a civil suit pending against Mr. Bessman (the defendant-appellant) ?” It appears that the question was proper cross-examination because an affirmative answer would tend to show interest in the outcome of the trial: See Davis v. Ivey, 93 Fla. 387, 112 So. 264 (1927); and Bryan v. State, 41 Fla. 643, 26 So. 1022 (1899).
We are impelled to hold that the error is not reversible but is harmless in view of the fact that this trial was before the lower court without a jury and the trial judge was fully informed of the pendency of the civil action by statements of counsel. The question called for a yes or no answer and the court was not informed that appellant intended to develop the answer in any way. See Harris v. State, Fla.App. 1969, 229 So.2d 670; and People v. Petters, 29 Cal.App.2d 48, 84 P.2d 54 (1938). Cf. Capitoli v. State, Fla.App.1965, 175 So.2d 210.
Affirmed.