704 So.2d 752 (1998)
Janice Lynette NELSON, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3157.
District Court of Appeal of Florida, Fifth District.
January 30, 1998.
*753 James B. Gibson, Public Defender, and Thomas J. Lukashow, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jennifer Meek, Assistant Attorney General, Daytona Beach, for Appellee.
COBB, Judge.
In this case Janice Nelson was convicted of battery and criminal mischief as the result of an incident that occurred at the home of her then boyfriend, Bonnell, shortly after midnight. She came to his home at that time after each had been out with other partners earlier in the evening. A physical encounter ensued and ultimately Bonnell was struck with a bottle. Nelson then left the house, backed her truck into and damaged Bonnell's garage door, and drove away. Bonnell reported the incident to the police around 2:00 a.m.
Subsequent to this incident, and prior to her criminal trial, Nelson filed two civil petitions for domestic violence injunctions against Bonnell. The criminal trial court granted the state's motion in limine precluding the defense from attempting to impeach the credibility of Bonnell's trial testimony based upon the fact of the civil actions filed against him by Nelson. This trial court ruling is the basis of the instant appeal.
Nelson argues that it was improper for the trial court to deny her cross-examination concerning the impact of the pending civil actions on the credibility at trial of Bonnell. She cites to Chadwick v. State, 680 So.2d 567, 568 (Fla. 1st DCA 1996) for the proposition that "when there is a pending civil suit or criminal charge against the witness arising out of the incident, those matters may be inquired into on cross-examination or developed in the defense case."
Chadwick relies on the well established principle that a defendant in a criminal case has considerable latitude in cross-examination to elicit testimony showing the bias of a witness. See § 90.608(2), Fla. Stat. (1995); Breedlove v. State, 580 So.2d 605, 608-609 (Fla.1991). See also Ehrhardt, Florida Evidence, § 608.5 at 414-422 (1997 ed.). Thus, where a witness has filed a civil suit against the defendant or a third party (arising out of the criminal incident), inquiry into this is relevant to the witness' motivation in testifying at the criminal trial. See, e.g., Payne v. State, 541 So.2d 699 (Fla. 1st DCA 1989); Wooten v. State, 464 So.2d 640 (Fla. 3d DCA 1985); Cox v. State, 441 So.2d 1169 (Fla. 4th DCA 1983); Bessman v. State, 259 So.2d 776 (Fla. 3d DCA 1972). Likewise, questioning a witness/victim about a civil suit brought by the defendant against the witness/victim prior to being charged with the crime is proper impeachment. See Webb v. State, 336 So.2d 416 (Fla. 2d DCA 1976). See also Davis v. State, 527 So.2d 962 (Fla. 5th DCA 1988)(criminal complaint filed by defendant's wife against their daughter's boyfriend prior to daughter making charges of lewd and lascivious assault against defendant/father admissible on issue of daughter's credibility). Chadwick holds that a complaint filed after arrest, brought by the defendant against deputies involved in his arrest, alleging excessive force, as well as the possibility of a resultant civil action, is relevant to the bias of the deputies who testified at trial. Carmichael v. State, 670 So.2d 1178 (Fla. 3d DCA 1996), relied upon by the defendant here does not indicate the timing of the filing of the civil action between the witness and the defendant.
The defendant's right to cross examine on the question of bias is not unlimited:
"Bias on the part of a prosecution witness is a valid point of inquiry in cross-examination, but the prospect of bias does not open the door to every question that might possibly develop the subject." ... Evidence of bias may be inadmissible if it unfairly prejudices the trier of fact against the *754 witness or misleads the trier of fact. Therefore, inquiry into collateral matters, if such matters will not promote the ends of justice, should not be permitted if it is unjust to the witness and uncalled for by the circumstances.
Breedlove, 580 So.2d at 609. See also Mosley v. State, 616 So.2d 1129 (Fla. 3d DCA 1993); Lee v. State, 422 So.2d 928 (Fla. 3d DCA 1982).
In this case, the record establishes that the defendant filed petitions for domestic violence against the victim twice after the criminal incident, first shortly after being told by the victim that he had filed criminal charges against her and second on the eve of trial. It was undisputed at trial, however, that it was the defendant who had gone to the victim/witness' home on the evening in question and initiated the encounter giving rise to the criminal charge. Under these circumstances, the probative value of this evidence was outweighed by the danger of confusion of the issues or misleading the jury. See §§ 90.402, 90.403, Fla. Stat. The trial court did not abuse its discretion in refusing to allow this line of inquiry.[1]
AFFIRMED.
DAUKSCH and GOSHORN, JJ., concur.
NOTES
[1] Note too that error in excluding such evidence is subject to the harmless error rule. See Bessman v. State, 259 So.2d 776 (Fla. 3d DCA 1972). Even if the evidence should have been admitted to impeach the victim/witness, the relevance of such evidence was so tenuous that its exclusion was harmless error.