PER CURIAM.
Appellant was convicted of armed robbery. On appeal, he seeks reversal on several grounds. Finding no reversible error, we affirm.
Appellant argues the trial judge erred in restricting consultation with defense counsel during a short recess taken while he was testifying. In light of the overwhelming evidence of guilt, the error was harmless. He also argues that prejudicial arguments by the prosecutor during closing arguments denied him a fair trial. Again, in light of the overwhelming evidence of guilt, any error was harmless.
Appellant raises numerous constitutional challenges to section 775.082(8), Florida Statutes (1997), the Prison Releasee Reof-fender Punishment Act, under which he was sentenced upon his conviction for armed robbery. Appellant’s arguments are without merit. Turner v. State, 745 So.2d 351 (Fla. 1st DCA 1999); Woods v. State, 24 Fla. L. Weekly D831, 740 So.2d 20 (Fla. 1st DCA 1999); Plain v. State, 720 So.2d 585 (Fla. 4th DCA 1998), review denied, 727 So.2d 909 (Fla.1999).
As in Woods v. State, supra, we certify the following question as one of great public importance:
DOES THE PRISON RELEASEE REOFFENDER PUNISHMENT ACT, CODIFIED AS SECTION 775.082(8), FLORIDA STATUTES (1997), VIOLATE THE SEPARATION OF POWERS CLAUSE OF THE FLORIDA CONSTITUTION?
AFFIRMED.
BARFIELD, C.J., LAWRENCE and BROWNING, JJ., CONCUR.