PER CURIAM.
Appellant John Noble entered a plea of nolo contendere to the crime of aggravated battery. Noble was sentenced as a prison releasee reoffender to 15 years in the Department of Corrections with credit for 257 days served. He reserved his right to appeal the constitutionality of the Prison Releasee Reoffender Act (Act), section 775.082(8), Florida Statutes (1997).
Noble was released from custody on November 24, 1996. The Act became effective on May 30, 1997, before the date he committed the aggravated battery — July 1, 1997. This court has held “that the statute did not amount to an unconstitutional ex post facto law as applied to a defendant who had been released from prison prior to the Act, but who committed a crime after its effective date.” Young v. State, 719 So.2d 1010, 1011 (Fla. 4th DCA 1998), rev. denied, 727 So.2d 915 (Fla.1999) (quoting Plain v. State, 720 So.2d 585 (Fla. 4th DCA 1998), rev. denied, 727 So.2d 909 (Fla.1999)).
We also reject the remaining constitutional challenges to the act. See Simmons v. State, 755 So.2d 682 (Fla. 4th DCA 1999); Rollinson v. State, 743 So.2d 585 (Fla. 4th DCA 1999); Woods v. State, 740 So.2d 20 (Fla. 1st DCA), rev. granted, 740 So.2d 529 (Fla.1999); McKnight v. State, 727 So.2d 314 (Fla. 3d DCA), rev. granted, 740 So.2d 528 (Fla.1999).
As we did in Simmons, we certify the following question as one of great public importance:
Does the Prison Releasee Reoffender Punishment Act, codified as section 775.082(8), Florida Statutes (1997), violate the separation of powers clause of the Florida Constitution?
As the state concedes, on remand the judgment must be corrected to indicate that appellant entered a plea of nolo con-tendere to aggravated battery, and not to attempted first degree murder.
AFFIRMED.
POLEN, GROSS and TAYLOR, JJ., concur.