762 So.2d 912 (2000)
John W. ELLIS, Petitioner,
v.
STATE of Florida, Respondent.
No. SC96551.
Supreme Court of Florida.
July 6, 2000.
Mark A. Gruwell, Sarasota, Florida, for Petitioner.
Robert A. Butterworth, Attorney General, Robert J. Krauss, Senior Assistant Attorney General, and John M. Klawikofsky, Assistant Attorney General, Tampa, Florida, for Respondent.
PER CURIAM.
We have for review the decision in Ellis v. State, 740 So.2d 1215 (Fla. 2d DCA 1999), in which the Second District certified conflict with Woods v. State, 740 So.2d 20 (Fla. 1st DCA 1999). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
We recently approved the First District's decision in Woods, holding that the Prisoner Releasee Reoffender Act, as properly interpreted by the First District, does not violate separation of powers, and rejecting other constitutional challenges to the Act. See State v. Cotton, Nos. SC94996 & SC95281, ___ So.2d ___, 2000 WL 766521 (Fla. June 15, 2000). Accordingly, for the reasons expressed in Cotton, we quash the Second District's decision in this case to the extent that it may be interpreted as construing the Act in a manner which is inconsistent with our decision in Cotton. We approve the Second District's rejection of petitioner's challenge to the Act based upon the lack of a statutory notice requirement. See State v. Beasley, 580 So.2d 139, 142 (Fla.1991) (observing that, "[a]s to notice, publication in the Laws of Florida or the Florida Statutes gives all citizens constructive notice of the consequences of their actions"). We decline to address the other issues raised in this case. See Heuss v. State, 687 So.2d 823, 824 (Fla.1996).
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE and LEWIS, JJ., concur.
QUINCE, J., dissents with an opinion.
QUINCE, J., dissenting.
I dissent for the reasons stated in my dissent in State v. Cotton, Nos. SC94996 & SC95281, ___ So.2d ___, 2000 WL 766521 (Fla. June 15, 2000).