769 So.2d 1039 (2000)
Sharon McKNIGHT, Petitioner,
v.
STATE of Florida, Respondent.
No. SC95154.
Supreme Court of Florida.
October 5, 2000.
Bennett H. Brummer, Public Defender, and Louis Campbell, Assistant Public Defender, Eleventh Judicial Circuit, Miami, Florida, for Petitioner.
Robert A. Butterworth, Attorney General, Michael J. Neimand, Division Chief, and Barbara A. Zappi, Assistant Attorney General, Fort Lauderdale, Florida, for Respondent.
LEWIS, J.
We have for review McKnight v. State, 727 So.2d 314 (Fla. 3d DCA 1999), in which the Third District affirmed the decision of the trial court and certified conflict with State v. Cotton, 728 So.2d 251 (Fla. 2d DCA 1998), quashed, 769 So.2d 345 (Fla. 2000). We have jurisdiction. See V, § 3(b)(4), Fla. Const.
We recently held that the Prisoner Releasee Reoffender Act does not violate separation of powers, and rejected other constitutional challenges to the Act. See Ellis v. State, 762 So.2d 912 (Fla.2000); State v. Cotton, 769 So.2d 345 (Fla.2000). Accordingly, we similarly approve the Third District's decision in this case, to the extent that it is consistent with our Cotton[1] and Ellis opinions.
It is so ordered.
*1040 WELLS, C.J., and SHAW, HARDING, ANSTEAD and PARIENTE, JJ., concur.
QUINCE, J., dissents with an opinion.
QUINCE, J., dissenting.
I dissent for the reasons stated in my dissent in State v. Cotton, 769 So.2d 345 (Fla.2000).
NOTES
[1] In rejecting McKnight's due process challenge to the Act, the Third District explained:

Next, the defendant claims that the statute violates the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States and Article I, section 9 of the Florida Constitution because the means chosen by the Legislature to achieve its goal of enhanced punishment excludes the court from the sentencing decision and thereby denies the defendant a meaningful opportunity to be heard. We reject this argument for two reasons. First, the decision to sentence the defendant as a PRR is exclusively within the discretion of the sentencing judge. The defendant is free to challenge the state's evidence on the issue of whether he or she qualifies as a PRR and is free to present his or her own evidence to rebut the state's allegations. Further, the defendant retains the right to present argument to the court in an effort to persuade the judge that the state has failed to prove by a preponderance of the evidence that he or she qualifies as a PRR. Second, this statute bears a rational relationship to the legislative objectives of discouraging recidivism in criminal offenders and enhancing the punishment of those who reoffend, thereby comporting with the requirements of due process. See Hale v. State, 630 So.2d 521 (Fla.1993); Tillman v. State, 609 So.2d 1295 (Fla.1992); Ross v. State, 601 So.2d 1190 (Fla.1992); Eutsey v. State, 383 So.2d 219 (Fla.1980).
McKnight, 727 So.2d at 319. In context, we interpret the Third District's statement that "the decision to sentence the defendant as a PRR is exclusively within the discretion of the sentencing judge" to mean that the trial court must first make a determination regarding whether the defendant qualifies for sentencing under the Act prior to imposing a PRR sentence. We concur with the Third District's reasoning that a defendant has the right to challenge the State's showing in this regard, and to present evidence to rebut the State's proof that he or she qualifies as a prison releasee reoffender. Interpreted in this fashion, we approve the Third District's decision in its entirety.