LEWIS, J.
We have for review Rollinson v. State, 743 So.2d 585 (Fla. 4th DCA 1999), in which the district court upheld the constitutionality of the Prison Releasee Reoffen-der Act[1] (the “Act”). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Rollinson challenges his five-year sentence under the Act on grounds we have previously addressed. See Grant v. State, 770 So.2d 655 (Fla.2000) (rejecting an ex post facto challenge to the Act, and holding that the Act violates neither the single subject rule for legislation nor principles of equal protection); State v.. Cotton, 769 So.2d 345 (Fla.2000) (holding that the Act violates neither separation of powers, nor principles of due process by allowing a “victim veto” that precludes application of the Act, as well as holding that the Act is not void for vagueness and does not constitute a form of cruel or unusual punishment).[2] Accordingly, the decision in Rol-linson is approved to the extent that it is consistent with Grant and Cotton.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD and PARIENTE, JJ., concur.
QUINCE, J., dissents with an opinion.

. See § 775.082(8), Fla. Stat. (1997).

. We also note that in its decision in Rollin-son, the Fourth District cited to its decision in State v. Wise, 744 So.2d 1035 (Fla. 4th DCA 1999), quashed, 762 So.2d 523 (Fla.2000). In our opinion in Cotton, we disapproved of the decision in Wise to the extent that it was inconsistent with Cotton.