779 So.2d 265 (2001)
Lorenzo SPEED, Petitioner,
v.
STATE of Florida, Respondent.
No. SC95706.
Supreme Court of Florida.
February 1, 2001.
James B. Gibson, Public Defender, and Leonard R. Ross, Assistant Public Defender, Seventh Judicial Circuit, Daytona Beach, FL, for Petitioner.
Robert A. Butterworth, Attorney General, and Kellie A. Nielan and Kristen L. Davenport, Assistant Attorneys General, Daytona Beach, FL, for Respondent.
LEWIS, J.
We have for review the decision in Speed v. State, 732 So.2d 17 (Fla. 5th DCA 1999), which expressly and directly conflicts with the opinion in State v. Cotton, 728 So.2d 251 (Fla. 2d DCA 1998), quashed, 769 So.2d 345 (Fla.2000). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
Speed challenges his sentence under the Prison Releasee Reoffender Act ("the Act")[1] on several grounds, all of which have been addressed by previous opinions of this Court. For instance, in State v. Cotton, 769 So.2d 345 (Fla.2000), we disapproved of the Fifth District's decision in Speed to the extent that it implied, in dicta, that a subsection of the Act gives to each victim a veto over the imposition of the mandatory sentences that are prescribed in other parts of the Act. See Cotton, 769 So.2d at 357-58. In Cotton we also held that the Act does not violate separation of powers; moreover, we held that the Act is not void for vagueness and does not constitute a form of cruel or unusual punishment.
Speed's other challenges to the Act also fail. See Grant v. State, 770 So.2d 655 (Fla.2000) (rejecting an ex post facto challenge to the Act and holding that the Act violates neither the single subject rule for legislation nor principles of equal protection); McKnight v. State, 769 So.2d 1039 (Fla.2000) (holding that a defendant has the right both to present evidence to prove that the defendant does not qualify for sentencing under the Act and to challenge the State's evidence regarding the defendant's eligibility for sentencing as a prison releasee reoffender); Ellis v. State, 762 So.2d 912, 912 (Fla.2000) (recognizing that, "[a]s to notice, publication in the Laws of Florida or the Florida Statutes gives all citizens constructive notice of the consequences of their actions") (quoting State v. Beasley, 580 So.2d 139, 142 (Fla.1991)). Accordingly, the decision in Speed is approved to the extent that it is consistent with Cotton, Ellis, McKnight, and Grant.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD and PARIENTE, JJ., concur.
QUINCE, J., dissents with an opinion.
QUINCE, J., dissenting.
I dissent for the reasons stated in my dissent in State v. Cotton, 769 So.2d 345, 358-59 (Fla.2000).
NOTES
[1] See § 775.082(8), Fla. Stat. (1997).