LEWIS, J.
We have for review the decision in Sanders v. State, 737 So.2d 589 (Fla. 5th DCA 1999), in which the Fifth District affirmed Sanders’ concurrent life sentences under the Prison Releasee Reoffen-der Act[1] (the “Act”), citing, inter alia, Woods v. State, 740 So.2d 20 (Fla. 1st DCA 1999), approved sub nom. State v. Cotton, 769 So.2d 345 (Fla.2000). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.
Sanders challenges his concurrent life sentences under the Act on several grounds, all of which have already been addressed by this Court in other opinions. See McKnight v. State, 769 So.2d 1039 (Fla.2000) (holding that a defendant has the right both to present evidence to prove that the defendant does not qualify for sentencing under the Act and to challenge the State’s evidence regarding the defendant’s eligibility for sentencing as a prison releasee reoffender); Grant v. State, 770 So.2d 655 (Fla.2000) (rejecting an ex post facto challenge to the Act); Ellis v. State, 762 So.2d 912, 912 (Fla.2000) (recognizing that, “[a]s to notice, publication in the Laws of Florida or the Florida Statutes gives all citizens constructive notice of the consequences of their actions”) (quoting State v. Beasley, 580 So.2d 139, 142 (Fla.1991)); State v. Cotton, 769 So.2d 345 (Fla.2000) (holding that the Act does not violate separation of powers, is not void for vagueness, and does not violate principles of due process by allowing a “victim veto” precluding application of the Act). Accordingly, the decision in Sanders is approved to the extent it is consistent with Cotton,[2] Ellis, McKnight, and Grant
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD and PARIENTE, JJ, concur.
QUINCE, J., dissents with an opinion.

. See § 775.082(8), Fla. Stat. (1997).

. In its decision in Sanders, the Fifth District cited to its decision in Speed v. State, 732 So.2d 17 (Fla. 5th DCA 1999), approved, 779 So.2d 265 (Fla.2001). In our decision in Cotton, we disapproved the opinion in Speed to the extent that it implied, in dicta, that a subsection of the Act gives to each victim a veto over the imposition of the mandatory sentences that are prescribed in other parts of the Act.