LEWIS, J.
We have for review the decision in Cook v. State, 737 So.2d 569 (Fla. 5th DCA *404 1999), in which the Fifth District certified the same question that was certified in Woods v. State, 740 So.2d 20 (Fla. 1st DCA 1999), approved sub nom. State v. Cotton, 769 So.2d 345 (Fla.2000).[1] We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
Cook challenges his sentence under the Prison Releasee Reoffender Act[2] (“the Act”) on several grounds, all of which have been addressed by previous opinions of this Court. See Grant v. State, 770 So.2d 655 (Fla.2000) (rejecting an ex post facto challenge to the Act and holding that the Act violates neither the single subject rule for legislation nor principles of equal protection); McKnight v. State, 769 So.2d 1039 (Fla.2000) (holding that a defendant has the right both to present evidence to prove that the defendant does not qualify for sentencing under the Act and to challenge the State’s evidence regarding the defendant’s eligibility for sentencing as a prison releasee reoffender); State v. Cotton, 769 So.2d 345 (Fla.2000) (holding that the Act violates neither separation of powers nor principles of due process by allowing a “victim veto” that precludes application of the Act, as well as holding that the Act is not void for vagueness and does not constitute a form of cruel or unusual punishment); Ellis v. State, 762 So.2d 912, 912 (Fla.2000) (recognizing that, “[a]s to notice, publication in the Laws of Florida or the Florida Statutes gives all citizens constructive notice of the consequences of their actions”) (quoting State v. Beasley, 580 So.2d 139, 142 (Fla.1991)). Accordingly, the decision in Cook is approved to the extent it is consistent with Cotton,[3] Ellis, McKnight, and Grant.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD and PARIENTE, JJ, concur.
QUINCE, J., dissents with an opinion.

. As framed in Woods, that question is:
DOES THE PRISON RELEASEE REOF-FENDER PUNISHMENT ACT, CODIFIED AS SECTION 775.082(8), FLORIDA STATUTES (1997), VIOLATE THE SEPARATION OF POWERS CLAUSE OF THE FLORIDA CONSTITUTION?

. See § 775.082(8), Fla. Stat. (1997).

. In its decision in Cook, the Fifth District cited to its decision in Speed v. State, 732 So.2d 17 (Fla. 5th DCA 1999), approved, 779 So.2d 265 (Fla.2001). In our decision in Cotton, we disapproved the opinion in Speed to the extent that it implied, in dicta, that a subsection of the Act gives to each victim a veto over the imposition of the mandatory sentences that are prescribed in other parts of the Act.