LEWIS, J.
We have for review the decision in Palmieri v. State, 745 So.2d 425 (Fla. 2d DCA 1999), which certified conflict with the opinions in McKnight v. State, 727 So.2d 314 (Fla. 3d DCA 1999), approved, 769 So.2d 1039 (Fla.2000), and Woods v. State, 740 So.2d 20 (Fla. 1st DCA 1999), approved sub nom. State v. Cotton, 769 So.2d 345 (Fla.2000). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Palmieri challenges his sentence under the Prison Releasee Reoffender Act[1] (“the Act”) on several grounds, all of which have been addressed by previous opinions of this Court. See Grant v. State, 770 So.2d 655 (Fla.2000) (rejecting an ex post facto challenge to the Act and holding that the Act violates neither the single subject rule for legislation nor principles of equal protection); State v. Cotton, 769 So.2d 345 (Fla.2000) (holding that the Act violates neither separation of powers nor principles of due process by allowing a “victim veto” that precludes application of the Act, as well as holding that the Act is not void for vagueness and does not constitute a form of cruel or unusual punishment). Accordingly, the decision in Palmieri is approved to the extent that it is consistent with our opinions in Grant and Cotton.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD and PARIENTE, JJ., concur.
QUINCE, J., dissents with an opinion.

. See § 775.082(8), Fla. Stat. (1997).