LEWIS, J.
We have for review the decision in Baggett v. State, 747 So.2d 470 (Fla. 5th DCA 1999), which certified conflict with the decisions in State v. Wise, 744 So.2d 1035 (Fla. 4th DCA 1999), quashed, 762 So.2d 523 (Fla.2000) and State v. Cotton, 728 So.2d 251 (Fla. 2d DCA 1998), quashed, 769 So.2d 345 (Fla.2000). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
Baggett challenges his life sentence under the Prison Releasee Reoffender Act[1] (the “Act”) on several grounds, all of which have been addressed by this Court in other' opinions. See Grant v. State, 770 So.2d 655 (Fla.2000) (rejecting an ex post facto challenge to the Act and holding that the Act violates neither the single subject rule for legislation nor principles of equal protection); McKnight v. State, 769 So.2d 1039 (Fla.2000) (holding that a defendant has the right both to present evidence to prove that the defendant does not qualify for sentencing under the Act and to challenge the State’s evidence regarding the defendant’s eligibility for sentencing as a prison releasee reoffender); Ellis v. State, 762 So.2d 912 (Fla.2000) (recognizing that “[a]s to notice, publication in the Laws of Florida or the Florida Statutes gives all citizens constructive notice of the consequences of their actions”) (quoting State v. Beasley, 580 So.2d 139, 142 (Fla.1991)); State v. Cotton, 769 So.2d 345 (Fla.2000) (holding that the Act violates neither separation of powers nor principles of due process by allowing a “victim veto” that precludes application of the Act, as well as holding that the Act is not void for vagueness and does not constitute a form of cruel or unusual punishment).[2] Accordingly, we approve the decision in Baggett.
It is so ordered.
*268 WELLS, C.J., and SHAW, HARDING, ANSTEAD and PARIENTE, JJ., concur.
QUINCE, J., dissents with an opinion.

. See § 775.082(8), Fla. Slat. (1997).

. In its decision in Baggett, the Fifth District cited to its decision in Speed v. State, 732 So.2d 17 (Fla. 5th DCA 1999), approved, 779 So.2d 265 (Fla.2001), and certified conflict with the decisions in State v. Wise, 744 So.2d 1035 (Fla. 4th DCA 1999), quashed, 762 So.2d 523 (Fla.2000), and State v. Cotton, 728 So.2d 251 (Fla. 2d DCA 1998), quashed, 769 So.2d 345 (Fla.2000). In our decision in Cotton, we disapproved the opinions in Speed and Wise to the extent that they implied, in dicta, that a subsection of the Act gives to each victim a veto over the imposition of the mandatory sentences that are prescribed in other parts of the Act.