PALMER, J.
Russell Adams (Adams) appeals his judgment and sentence entered after a jury found him guilty of committing the crime of aggravated child abuse on his infant son.[1] Adams’ defense at trial was that he did not intend to cause injuries to the child, not that any other person caused or contributed to the child’s injuries. The only claim of error raised by Adams in this appeal is that the trial court erred in denying him the opportunity to fully cross examine the child’s mother as to her potential bias or improper motive for testifying on behalf of the State. Finding no error, we affirm.
At the time of trial, the child’s mother was involved in a dependency proceeding regarding the parties’ son. During his cross examination of the mother, defense counsel sought to elicit testimony concerning the dependency proceeding. The prosecutor objected, arguing relevance. The trial court sustained the objection but permitted defense counsel to make a proffer regarding this line of questioning. Adams now claims that reversible error occurred because the jury was not permitted to hear both that a dependency proceeding was pending against the mother, and that the mother was concerned about the impact her trial testimony could have on that proceeding. We disagree.
Trial courts possess wide discretion in placing reasonable limits on cross exami *1227 nation and such rulings will not be disturbed absent a showing of an abuse of that discretion. Geralds v. State, 674 So.2d 96, 100 (Fla.1996). A defendant’s right to cross examine a witness on the question of bias is not unlimited. Nelson v. State, 704 So.2d 752, 753 (Fla. 5th DCA 1998). Here, the trial court properly ruled that the proffered testimony was irrelevant to the only disputed issue at trial, Adams’ intent at the time he committed the crime. Accordingly, we reject as mer-itless Adams’ claim of error.
Judgment and Sentence AFFIRMED.
THOMPSON, C.J., and HARRIS, J., concur.

. § 827.03, Fla. Stat. (1997).