LEWIS, J.
We have for review Noble v. State, 765 So.2d 58 (Fla. 4th DCA 2000). We have jurisdiction. See art. V, § 8(b)(3), Fla. Const.
Noble challenges his sentence under the Prison Releasee Reoffender Act (the “Act”) on several grounds, most of which have been addressed previously by this Court. See Grant v. State, 770 So.2d 655 (Fla.2000) (rejecting an ex post facto challenge to the Act and holding that the Act violates neither the single subject rule for legislation nor principles of equal protection); McKnight v. State, 769 So.2d 1039 (Fla.2000) (holding that a defendant has the right both to present evidence to prove that the defendant does not qualify for sentencing under the Act and to challenge the State’s evidence regarding the defendant’s eligibility for sentencing as a prison releasee reoffender); State v. Cotton, 769 So.2d 345 (Fla.2000) (holding that the Act does not permit a “victim veto” which would violate a defendant’s due process rights by precluding application of the Act in some instances but not others, as well as holding that the Act is not void for vagueness and does not constitute a form of cruel or unusual punishment); Ellis v. State, 762 So.2d 912, 912 (Fla.2000) (recognizing that, “[a]s to notice, publication in the Laws of Florida or the Florida Statutes gives all citizens constructive notice of *809 the consequences of their actions”) (quoting State v. Beasley, 580 So.2d 139, 142 (Fla.1991)).
Noble also argues that the Act impinges on his right to plea bargain. The United States Supreme Court has definitively held that there is no such constitutional right. See Weatherford v. Bursey, 429 U.S. 545, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977). We also find entirely misplaced Noble’s reliance on cases from Florida courts to support his assertion that a fundamental right to plea bargain exists.
Accordingly, we approve the decision of the district court to the extent it is consistent with Grant, McKnight, Cotton, and Ellis.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, and PARIENTE, JJ., concur.
QUINCE, J., dissents.