LEWIS, J.
We have for review Hillyar v. State, 751 So.2d 1280 (Fla. 5th DCA 2000). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
The petitioner challenges his sentencing under the Prison Releasee Reoffender Act (the “Act”) on several grounds, all of which have been addressed by this Court. See Grant v. State, 770 So.2d 655 (Fla.2000) (rejecting an ex post facto challenge to the Act, and holding that the Act does not violate the single subject rule for legislation, nor does it violate principles of equal protection or subject defendants sentenced under it to double jeopardy); State v. Cotton, 769 So.2d 345 (Fla.2000) (holding that the Act does not violate separation of pow *830 ers, does not allow a “victim veto” which would preclude application of the Act and violate due process principles, and that the Act is not void for vagueness); McKnight v. State, 769 So.2d 1039 (Fla.2000) (holding that a defendant has the right both to present evidence to prove that the defendant does not qualify for sentencing under the Act, and to challenge the State’s evidence regarding the defendant’s eligibility for sentencing as a prison releasee reoffen-der); Ellis v. State, 762 So.2d 912, 912 (Fla.2000) (recognizing that “[a]s to notice, publication in the Laws of Florida or the Florida Statutes gives all citizens constructive notice of the consequences of their actions”) (quoting State v. Beasley, 580 So.2d 139, 142 (Fla.1991)). Accordingly, the decision in Hillyar is approved to the extent it is consistent with Grant, Cotton,[1] McKnight, and Ellis.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, and PARIENTE, JJ., concur.
QUINCE, J., dissents.

. In its decision in Hillyar, the Fifth District cited to its decision in Speed v. State, 732 So.2d 17 (Fla. 5th DCA 1999), approved, 779 so.2d 265 (Fla.2001). In our decision in Cotton, we disapproved the opinion in Speed to the extent that it implied, in dicta, that a subsection of the Act gives to each victim a veto over the imposition of the mandatory sentences that are prescribed in other parts of the Act.