LEWIS, J.
We have for review Oliver v. State, 757 So.2d 1286 (Fla. 4th DCA 2000). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
The petitioner challenges his sentencing under the Prison Releasee Reoffender Act (the “Act”) on several grounds, all of which have been addressed by this Court. See Grant v. State, 770 So.2d 655 (Fla.2000) (rejecting an ex post facto challenge to the Act, and holding that the Act does not violate the single subject rule for legislation, nor does it violate principles of equal protection or subject defendants sentenced under it to double jeopardy); State v. Cotton, 769 So.2d 345 (Fla.2000) (holding that the Act does not violate separation of powers, does not allow a “victim veto” which would preclude application of the Act and violate due process principles, while also holding that the Act is not void for vagueness); McKnight v. State, 769 So.2d 1039 (Fla.2000) (holding that a defendant has the right both to present evidence to prove that the defendant does not qualify for sentencing under the Act and to challenge the State’s evidence regarding the defendant’s eligibility for sentencing as a prison releasee reoffender); Ellis v. State, 762 So.2d 912 (Fla.2000) (recognizing that publication in the Laws of Florida or the Florida Statutes gives all citizens constructive notice of the consequences of their actions). Accordingly, we approve the decision of the district court to the extent that it is consistent with Grant, McKnight, Cotton, and Ellis.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, and PARIENTE, JJ., concur.
QUINCE, J., dissents.