LEWIS, J.
We have for review Chambers v. State, 764 So.2d 658 (Fla. 1st DCA 2000). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
Chambers challenges his sentence under the Prison Releasee Reoffender Act (the “Act”) on grounds previously addressed by this Court. See Grant v. State, 770 So.2d 655 (Fla.2000) (determining that sentences properly imposed under the Act and another recidivist statute violate neither the protection against double jeopardy nor the Act itself); McKnight v. State, 769 So.2d 1039 (Fla.2000) (holding that a defendant has the right both to present evidence to prove that the defendant does not qualify for sentencing under the Act and to challenge the State’s evidence regarding the defendant’s eligibility for sentencing as a prison releasee reoffender); State v. Cotton, 769 So.2d 345 (Fla.2000) (holding that the Act does not permit a “victim veto” which would violate a defendant’s due process rights by precluding application of the Act in some instances but not others, as well as holding that the Act is not void for vagueness and does not constitute a form of cruel or unusual punishment); Ellis v. State, 762 So.2d 912 (Fla.2000) (recognizing that publication in the Laws of Florida or the Florida Statutes gives all citizens constructive notice of the consequences of their actions). Accordingly, we approve the decision of the district court to the extent that it is consistent with Grant, Cotton, McKnight, and Ellis.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, and PARIENTE, JJ., concur.
QUINCE, J., dissents.