789 So.2d 975 (2001)
Corey Douglas WHEATON, Petitioner,
v.
STATE of Florida, Respondent.
No. SC97137.
Supreme Court of Florida.
July 12, 2001.
Nancy A. Daniels, Public Defender, and Glenna Joyce Reeves, Assistant Public Defender, Second Judicial Circuit, Tallahassee, FL, for Petitioner.
Robert A. Butterworth, Attorney General, James W. Rogers, Tallahassee Bureau Chief, Criminal Appeals, and Charmaine M. Millsaps, Assistant Attorney General, Tallahassee, FL, for Respondent.
PER CURIAM.
We have for review the decision in Wheaton v. State, 24 Fla. L. Weekly D2466, ___ So.2d ___, 1999 WL 965484 (Fla. 1st DCA Oct.25, 1999), in which the First District Court of Appeal certified the same question as it certified in Woods v. State, 740 So.2d 20 (Fla. 1st DCA 1999), approved sub nom. State v. Cotton, 769 So.2d 345 (Fla.2000).[1] We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
Petitioner Corey Douglas Wheaton was convicted of armed robbery and sentenced to life imprisonment as a violent career criminal and a prison releasee reoffender. On appeal, his conviction and sentence were affirmed. Seeking review, Wheaton challenges his sentence under the Prison Releasee Reoffender Punishment Act ("Act") on several grounds, all of which have been addressed by this Court. See Grant v. State, 770 So.2d 655 (Fla.2000) (rejecting an ex post facto challenge to the Act and holding that the Act violates neither the single subject rule for legislation nor principles of equal protection); McKnight v. State, 769 So.2d 1039 (Fla. 2000) (holding that a defendant has the right both to present evidence to prove that the defendant does not qualify for sentencing under the Act and to challenge the State's evidence regarding the defendant's eligibility for sentencing as a prison releasee reoffender); Ellis v. State, 762 So.2d 912 (Fla.2000) (recognizing that "[a]s to notice, publication in the Laws of Florida or the Florida Statutes gives all citizens constructive notice of the consequences of their actions") (quoting State v. Beasley, 580 So.2d 139, 142 (Fla.1991)); State v. Cotton, 769 So.2d 345 (Fla.2000) (holding that the Act violates neither separation of powers nor principles of due process by allowing a "victim veto" that precludes application of the Act, as well as holding that the Act is not void for vagueness and does not constitute a form of cruel or unusual punishment). Accordingly, we approve the First District's decision on this issue.[2]
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, and LEWIS, JJ., concur. QUINCE, J., dissents.
NOTES
[1] The question certified is:

DOES THE PRISON RELEASEE REOFFENDER PUNISHMENT ACT, CODIFIED AS SECTION 775.082(8), FLORIDA STATUTES (1997), VIOLATE THE SEPARATION OF POWERS CLAUSE OF THE FLORIDA CONSTITUTION?
[2] We decline to address the other issue raised by Wheaton because it was not the basis for our review.