LEWIS, J.
We have for review Campbell v. State, 790 So.2d 1 (Fla. 1st DCA 2000). We have jurisdiction. See art. V, § 8(b)(4), Fla. Const.
Campbell challenges his sentencing as a prison releasee reoffender pursuant to convictions for burglary of an occupied dwelling and for felony petit theft. We approve the decision of the district court regarding Campbell’s sentencing as a prison releasee reoffender for the burglary conviction. However, we quash, in part, the decision of the district court to the extent that it approves Campbell’s sentencing under the Prison Releasee Reof-fender Act (the “Act”)[1] for the offense of felony petit theft.[2] The Act does not contemplate sentencing as a prison releasee reoffender for this offense. Accordingly, we remand for reconsideration of the issue upon application of our decisions in Grant v. State, 770 So.2d 655 (Fla.2000); State v. Cotton, 769 So.2d 345 (Fla.2000); McKnight v. State, 769 So.2d 1039 (Fla.2000); and Ellis v. State, 762 So.2d 912 (Fla.2000).
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, and PARIENTE, JJ., concur.
QUINCE, J., concurs in part and dissents in part.

. See § 775.082(8)(a)l„ Fla. Stat. (1997).

. See § 812.014(3)(c), Fla. Stat. (1997).