LEWIS, J.
We have for review Bohler v. State, 758 So.2d 719 (Fla. 4th DCA 2000). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.
We quash that part of the district court’s decision which holds that the sentencing of the petitioner as both a habitual felony offender and a prison releasee reof-fender constitutes double jeopardy, and remand for reconsideration upon application of our decisions in Grant v. State, 770 So.2d 655 (Fla.2000); State v. Cotton, 769 So.2d 345 (Fla.2000); McKnight v. State, 769 So.2d 1039 (Fla.2000); and Ellis v. State, 762 So.2d 912 (Fla.2000). We approve that part of the district court’s decision which holds that the Prison Releasee Reoffender Act (the “Act”) applies to the petitioner despite the fact that the petitioner was released from prison prior to its effective date, because the petitioner committed the crimes within three years of her release from prison and after the effective date of the Act. See Grant, 770 So.2d at 661.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, and PARIENTE, JJ., concur.
QUINCE, J., dissents.