ON REMAND

PER CURIAM.
The Defendant was convicted and sentenced for armed robbery. He argued that the trial court’s imposition of a sen *1293 tence under both the Prison Releasee Reoffender Act and the Habitual Violent Felony Offender Act was a violation of double jeopardy. This Court reversed the Defendant’s sentence and remanded the case to the trial court with directions to vacate the habitual felony offender sentence. See Harris v. State, 764 So.2d 942 (Fla. 4th DCA 2000). We noted, however, that our decision conflicted with the decisions of other districts and certified the conflict.
The Florida Supreme Court quashed our decision as it relates to the Defendant’s sentencing under the Prison Releasee Reoffender Act, and remanded the case directing us to reconsider the issue raised on appeal in light of Grant v. State, 770 So.2d 655 (Fla.2000); State v. Cotton, 769 So.2d 345 (Fla.2000); McKnight v. State, 769 So.2d 1039 (Fla.2000); and Ellis v. State, 762 So.2d 912 (Fla.2000). See State v. Harris, 788 So.2d 955 (Fla.2001).
Upon reconsideration, we now hold that the Defendant’s sentence under both the Prison Releasee Reoffender Act and the Habitual Violent Felony Offender Act was not a double jeopardy violation. However, the trial court erred in sentencing the Defendant to two concurrent, equal sentences as a habitual felony offender and a prison releasee reoffender. See Grant, 770 So.2d at 659 (trial court erred in imposing two concurrent, equal sentences because it is not authorized by the Prison Releasee Reoffender Act). Therefore, we remand this case to the trial court with directions to vacate the habitual felony offender sentence.
REMANDED WITH DIRECTIONS.
DELL, GUNTHER and STEVENSON, JJ., concur.