On Remand

PER CURIAM.
Pursuant to the Florida Supreme Court’s mandate in State v. Bohler, 791 *1018 So.2d 1084 (Fla.2001), we have reconsidered our opinion in Bohler v. State, 758 So.2d 719 (Fla. 4th DCA 2000), in light of Grant v. State, 770 So.2d 655 (Fla.2000), State v. Cotton, 769 So.2d 345 (Fla.2000), McKnight v. State, 769 So.2d 1039 (Fla.2000), and Ellis v. State, 762 So.2d 912 (Fla.2000). We withdraw our original opinion to the extent that it holds that appellant’s equal, concurrent sentences in Counts I, II and III, imposed under both the Habitual Felony Offender Act and the Prison Releasee Reoffender Act, violate double jeopardy. See Grant, 770 So.2d at 659. In Grant, the supreme court concluded:
While imposition of equal concurrent sentences ... did not violate double jeopardy principles, it did, nonetheless, violate the express provisions of the Act. As recognized by the First District in Walls, 765 So.2d at 734, because “section 775.082(8)(e) only authorizes the court to deviate from the [Act’s] sentencing scheme to impose a greater sentence of incarceration,” a trial court is “without authority to sentence [a defendant to an equal sentence] under the habitual felony offender statute,” even where such sentence is imposed concurrently with the PRR sentence. Thus, the trial court erred in imposing two concurrent, equal sentences in this case, not because such sentencing violated double jeopardy, but because it is not authorized by the Act.

Id.

Accordingly, we remand with directions to the trial court to sentence appellant only under the Prison Releasee Reoffender Act.
REMANDED WITH DIRECTIONS.
DELL, STONE and TAYLOR, JJ., concur.