PER CURIAM.
George Gould was convicted of aggravated battery-reclassified pursuant to section 784.045, Florida Statutes (2001), and was sentenced to state prison as a habitual offender and prison releasee reoffender. His appeal of his judgment and sentence attacks, first the verdict form used by the jury, and next the constitutionality of the prison releasee reoffender statute, section 775.082(9)(d), Florida Statutes (2001). We affirm.
With regard to the verdict form used, while we continue to stress that separate jury findings for enhancements and reclas-sifications are by far the clearest means to convey the jury’s intention, we are unable to say that the form used in the present case violates the requirements of State v. Hargrove, 694 So.2d 729 (Fla.1997). See also Bass v. State, 739 So.2d 1243 (Fla. 5th DCA 1999). Mr. Gould’s constitutional attack on section 775.082(9)(d) is without merit in view of the supreme court’s decision in State v. Cotton, 769 So.2d 345 (Fla.2000). See also Rollinson v. State, 778 So.2d 971 (Fla.2001) (rejecting constitutional challenges to prison releasee reof-fender act); Grant v. State, 770 So.2d 655 (Fla.2000) (rejecting ex post facto challenge to the act, and holding that the act violates neither the single subject rule for legislation nor principals of equal protection); McKnight v. State, 769 So.2d 1039 (Fla.2000) (rejecting McKnight’s due process challenge to prison releasee reoffen-der act); Ellis v. State, 762 So.2d 912 (Fla.2000) (prison releasee reoffender act does not violate separation of powers).
AFFIRMED.
SAWAYA, C.J., PALMER and MONACO, JJ., concur.