MONACO, J.
Tony Edward Nova appeals the judgment and sentence imposed upon him after he was convicted of robbery with a firearm. Although Mr. Nova brings a number of issues to our attention, we find that they are without merit and affirm. However, one set of issues concerning limitations placed on defense cross-examination, and the issue of the constitutionality of the prison releasee reoffender statute, deserves further comment.
Mr. Nova was convicted of robbing a convenience store while armed with a handgun. The clerk at the store identified Mr. Nova in a photographic lineup, and later identified him as the perpetrator in court. The clerk no longer worked at the convenience store. She testified that she quit because she did not want to face the risks inherent in that position. Mr. Nova, on the other hand, asserted that she had been fired because of cash shortages. He further claimed that she had been a drug abuser, and that she had lied on her employment application with the convenience store concerning her past criminal record. He argued to the trial court that he was entitled to attack her credibility by showing that she was biased in accordance with section 90.608(2), Florida Statutes (2003), which reads succinctly:
Any party, including the party calling the witness, may attack the credibility of a witness by:
(2) Showing that the witness is biased.
The clerk testified during a defense proffer that on a few occasions her cash drawer had in fact been short, but that she had voluntarily left her employment and had not been fired. She also admitted to having abused drugs in the past, but indicated that she had not used drugs for two years because she was on probation, and was regularly drug tested. She testified, as well, that her past drug abuse did not impair her memory. Finally, she admitted that she lied on her employment application about her past criminal record.
The trial judge allowed Mr. Nova to present evidence concerning the falsification of the clerk’s employment application, and concerning her prior convictions. He would not let the defense discuss the specific nature of the clerk’s prior convictions (uttering a forged instrument and petty theft of checks), unless she denied them, or falsely testified about them. The judge also agreed to allow her supervisor to testify regarding the cash shortages, provided the supervisor acknowledged that she had been terminated for that reason. The supervisor, as it turns out, could not recall whether she was fired or quit, and was not called to testify before the jury. In addition, the court ruled that Mr. Nova could elicit testimony from the clerk concerning *1265 whether she had used illegal drugs at the time of the robbery. He declined, however, to allow the defense to cross-examine the clerk on the fact that at one time while on probation she tested positive for cocaine and marijuana, and had spent six months in a drug rehabilitation center, because those events were remote in time, and there was no evidence that her ability to recall events was impaired. We think the trial judge was correct on each evidentiary issue.
The evidence of the clerk’s prior convictions is governed by section 90.610, Florida Statutes (2003), which permits impeachment by evidence “that the witness has been convicted of a crime if the crime was punishable by death or imprisonment in excess of 1 year ... or if the crime involved dishonesty or a false statement regardless of the punishment.” As the trial judge correctly ruled, impeachment evidence beyond this (with certain statutory exceptions), may only be elicited if the witness denies or falsely testifies about the convictions. See Perez v. State, 648 So.2d 715 (Fla.1995); Pryor v. State, 855 So.2d 134 (Fla. 1st DCA 2003).
The limitation imposed by the trial court on defense cross-examination concerning the alleged cash shortages is equally without avail. During a defense proffer the clerk admitted that her cash drawer came up short by $20 to $30 on a couple of occasions, but she insisted that she had resigned her position, and had not been fired. Her supervisor would not testify that she had been fired. There was not a whole lot here except speculation. More important, as the State accurately pointed out, Mr. Nova never developed how the clerk’s cash drawer shortages would cause her to be biased under section 90.608(2). Thus, the matter of cash shortages devolved into a collateral matter that was not germane to the issue of witness bias. The Florida Supreme Court commented in this connection in Breedlove v. State, 580 So.2d 605, 609 (Fla.1991), that:
Bias on the part of a prosecution witness is a valid point of inquiry in cross-examination, but the prospect of bias does not open the door to every question that might possibly develop the subject.... Evidence of bias may be inadmissible if it unfairly prejudices the trier of fact against the witness or misleads the trier of fact. Therefore, inquiry into collateral matters, if such matters will not promote the interests of justice, should not be permitted if it is unjust to the witness and uncalled for by the circumstances.
See also Nelson v. State, 704 So.2d 752 (Fla. 5th DCA 1998).
Finally, there is the matter of past drug use. In Edwards v. State, 548 So.2d 656 (Fla.1989), the Florida Supreme Court held that evidence of drug use by a witness for purposes of impeachment would be excluded unless: (a) it could be shown that the witness had been using drugs at or about the time of the incident that was the subject of the testimony of the witness; (b) it could be shown that the witness was using drugs at or about the time of the testimony itself; or (c) it was expressly shown by other relevant evidence that the prior drug use affected the witnesses ability to observe, remember, and recount. See also Trease v. State, 768 So.2d 1050, 1053 (Fla.2000); Johnson v. State, 565 So.2d 879 (Fla. 5th DCA 1990); Richardson v. State, 561 So.2d 18 (Fla. 5th DCA 1990). Here, the testimony sought to be presented to the jury met none of the exceptions.
As a final matter, Mr. Nova attacks his sentence as a prison releasee reoffender on constitutional grounds. He acknowledges that we have previously held that section 775.082(9)(d), Florida Statutes (2003), is *1266 not constitutionally infirm. See Gould v. State, 860 So.2d 1056 (Fla. 5th DCA 2003); cf., State v. Cotton, 769 So.2d 345 (Fla.2000). He asks that we reconsider our position. We decline to do so.
AFFIRMED.
SHARP, W., and THOMPSON, JJ„ concur.