SHAHOOD, J.
Jeffrey Graves appeals his conviction and sentence for one count of aggravated battery. He argues that the trial court erred in instructing the jury on self-defense, and by refusing to allow defense counsel to question the alleged victim about a civil suit filed against Graves as a result of the incident. We agree as to both points and reverse.
Graves resided with a friend named Christine Heap. On December 7, 2005, Graves and Heap were experiencing a plumbing problem and called a plumbing company to send someone out to their home. The company sent Eduardo Perez. A dispute developed between Perez and Graves, who also claimed to be a plumber, over the proper way to solve the problem. After trying a few different alternatives, Perez eventually used a high-pressure water jet in an attempt to clear the blocked pipes. Graves and Heap had told Perez not to use a water jet because the pipes were old and they feared it would damage them.
Perez testified that after he used the water jet, Graves began yelling at him, and Perez turned to leave. According to Perez, Graves then grabbed him, turned him around, and began hitting him. Perez collected his equipment and returned to his truck. Graves began hitting Perez while Perez was in the truck. Graves took a shovel out of the back of the truck and struck Perez in the head with the shovel’s blade end, causing a cut that required seven stitches. Graves turned the shovel around and began jabbing Perez with the handle. Perez suffered severe injury to one of his testicles.
Heap testified that she was inside the house talking on the phone with the plumbing company at the time Graves and Perez were fighting outside. According to Heap, she came out of the house to see Perez swinging the shovel at Graves, landing a blow that cut a gash in Graves’s hand. Heap said that Graves eventually managed to take the shovel away from Perez. Heap admitted that she did not see who began the altercation.
The trial court instructed the jury on both the use of deadly force and the use of non-deadly force. Both of the instructions stated that the use of force in self-defense “is not justifiable if you find Jeffrey Graves was attempting to commit, committing, or escaping after the commission of a Battery.”[1] During the jury instruction conference, defense counsel objected to these instructions on the basis that they were circular.
Graves argues that the trial court erred in giving the instruction to the jury. Specifically, Graves claims that the circular nature of the instruction as given improperly told the jury that the defense of self-defense was not available to Graves if he was in the process of committing the same offense he was charged with. We agree.
“Florida law is clear that decisions regarding jury instructions rest within the sound discretion of the trial court and should not be overturned on appeal absent a showing of prejudicial error.” Gonzalez v. Rose, 752 So.2d 39, 41 (Fla. 3d DCA 2000). Reversible error is not found “unless the error complained of resulted in a miscarriage of justice, or where the instruction or failure to give a requested *1289 instruction was reasonably calculated to confuse or mislead the jury.” Reyka v. Halifax Hosp. Dist., 657 So.2d 967, 969 (Fla. 5th DCA 1995).
This court has held that in a single aggravated battery case, a jury instruction that the defendant’s use of force was not justifiable if he was committing, attempting to commit, or escaping after the commission of an aggravated battery is fundamental error in cases where no independent forcible felony was taking place. See Estevez v. State, 901 So.2d 989, 990 (Fla. 4th DCA 2005); Giles v. State, 831 So.2d 1263, 1266 (Fla. 4th DCA 2002). In Giles, the same instruction was given, and this court found it to be “misleading and confusing such that the effect was to negate Giles’ only defense to the charge of aggravated battery.” Id. at 1265. This court stated:
[T]he plain language of section 776.041 indicates that it is applicable only under circumstances where the person claiming self-defense is engaged in another, independent “forcible felony” at the time.... The instruction is normally given in situations where the accused is charged with at least two criminal acts, the act for which the accused is claiming self-defense and a separate forcible felony-
Id. (citations omitted).
We conclude that the trial court’s self-defense instructions were erroneous because they were “reasonably calculated to mislead or confuse the jury.” Id. (quoting Barton Protective Servs., Inc. v. Faber, 745 So.2d 968, 974 (Fla. 4th DCA 1999)). As in Giles and Estevez, Graves was charged with one count of aggravated battery, the very act for which he was claiming self-defense. The jury instructions on self-defense given by the trial court therefore effectively negated Graves’s only defense. See Davis v. State, 804 So.2d 400, 404 (Fla. 4th DCA 2001).
The State argues that the evidence at trial established two separate batteries, and that the instruction was proper because the other battery was an independent forcible felony sufficient to warrant the instruction. We disagree. Graves was charged with only one count of aggravated battery, and the case was presented at trial as a single occurrence. Since Graves was not engaged in the commission of an independent forcible felony, the trial court erred in instructing the jury that the defense of self-defense was not available if he was in the process of committing the charged offense of aggravated battery.
We also reject the State’s contention that the self-defense instructions were not necessary because the evidence presented at trial did not support Graves’s claim of self-defense. See Hickson v. State, 917 So.2d 939, 940-41 (Fla. 4th DCA 2005)(distinguishing that case from Giles because Hickson presented no evidence at trial to support the inclusion of a self-defense instruction). “[A] defendant who requests a jury instruction on the theory of his defense is entitled to have it, so long as there is evidence in the record to support that theory, however flimsy that evidence may be.” Vazquez v. State, 518 So.2d 1348, 1350 (Fla. 4th DCA 1987). Graves presented testimony at trial that conflicted with Perez’s version of events and supported Graves’s claim of self-defense. Heap’s testimony that she exited the house to see Perez swinging a shovel at Graves was sufficient to support Graves’s claim of self-defense and warrant a self-defense jury instruction, despite Heap’s admission that she did not see who started the altercation.
During cross-examination of Perez, defense counsel asked whether Perez was suing Graves for the injuries Perez sus *1290 tained. The State objected, asserting that the question was irrelevant. Defense counsel maintained that the question was relevant to prove Perez’s bias in testifying. Defense counsel admitted she had no proof of a civil case, and was merely relying on information Heap had volunteered. The trial court sustained the State’s objection. Graves argues that this was error because it prohibited relevant inquiry into Perez’s motivation and possible bias in testifying at the trial. We agree.
The trial court has broad discretion to make determinations regarding the scope of cross-examination, and decisions to admit or exclude evidence will not be disturbed on appeal absent an abuse of discretion. See Eliakim v. State, 884 So.2d 57, 60 (Fla. 4th DCA 2004). However, rule 90.608(2) of the Florida Evidence Code provides that a party may attack the credibility of a witness by showing that the witness is biased. § 90.608(2), Fla. Stat. (2005). A defendant in a criminal case has considerable latitude in cross-examination to elicit testimony showing the bias of a witness. See Breedlove v. State, 580 So.2d 605, 608-09 (Fla.1991). “[WJhere a witness has filed a civil suit against the defendant or a third party (arising out of the criminal incident), inquiry into this is relevant to the witness’ motivation in testifying at the criminal trial.” Nelson v. State, 704 So.2d 752, 753 (Fla. 5th DCA 1998). However, such testimony should be excluded if “it is unjust to the witness and uncalled for by the circumstances.” Id. at 754.
We conclude that the trial court committed reversible error in sustaining the State’s objection to the question of whether Perez was bringing a civil suit against Graves as a result of the incident. Perez was the State’s only witness. Graves’s defense at trial was that he was defending himself from a fight instigated by Perez. Graves’s counsel attempted to show inconsistencies between Perez’s trial testimony, the testimony Perez gave in his sworn deposition, and Perez’s police statement. The trial court’s ruling prevented questioning designed to show that Perez’s pending civil case provided a financial motivation for his testimony that might explain the inconsistencies. Testimony that Perez was bringing a civil suit against Graves would be relevant, and would provide a proper subject upon which to impeach Perez’s testimony. See Nelson, 704 So.2d at 753. We cannot say that the improper exclusion of this evidence was harmless beyond a reasonable doubt. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
We reverse Graves’s conviction for aggravated assault and remand for new trial.

Reversed and Remanded For New Trial.

FARMER and TAYLOR, JJ., concur.

. The language of this instruction is based on section 776.041(1), Florida Statutes (2002).